The opinion of the Court was afterwards delivered by
Parsons, C. J.
As the defendants have neither pleaded performance of the condition, nor any excuse for not performing it, the plain tiff must have judgment, unless from the facts disclosed in the plea, or appearing on the face of the bond, it is void in law.
The statute directing the form of the writ of replevin enjoins the officer to replevy the goods — provided the plaintiff in replevin give him a bond with the condition there prescribed, which bond he is to take in the name of the defendant in replevin, and return it with his writ when executed. The condition there provided is, that the plaintiff in replevin prosecute, and also make return and pc/ the damages, if judgment be against him. Without a bond [*317] of this form, the officer may be sued as a * trespasser for taking the goods from the defendant in replevin, if he choose to consider him in that light, because the injunction of the writ is on a condition not performed by the plaintiff in replevin. Or if the plaintiff in replevin tender to the officer a sufficient bond in due form, and the officer refuse to receive it and to execute the writ, he is answerable to the plaintiff in replevin, in an action of the case for damages. But if the plaintiff execute an informal bond voluntarily, and to obtain possession of the goods, and the officer thereupon deliver him the goods, the defendant in replevin may, if he please, accept the bond, and pursue a remedy at law upon it against the obligors, unless the bond be void by the common law or by statute. Bonds for ease and favor are void here by our common law, which is founded on an English statute in force before the settlement of this country. But a bond for ease and favor is given to an officer having the custody of the body to obtain an indulgence not authorized by law. This therefore is no bond for ease and favor. Bonds given to an officer, to indemnify him for a breach of his duty, are likewise void at law. But this is not a bond within this description. Indeed we do not recognize any principle of the common law, by which the bond in this case is void at law. If it be void, it must be so in consequence of the statute directing the form of the writ of replevin. True it is, that the condition in this case is variant from the form there directed; but that statute does not prohibit the taking a bond of any other form, or declare a bond of any other form void.
The defendants have urged that the officer required this bond, which was more inconvenient to them than a bond having a con dhion conformed to the act.
They were not obliged to give this bond; and if a formal bond had *245 been tendered to the officer, he must have executed the writ, or have been answerable for all the damages sustained by the plaintiff through his neglect * or refusal. And be- [*318] sides, as the defendants are by statute entitled to be relieved against the penalty, on payment of the just damages, this bond is not more prejudicial to them, than one with a condition in due form would have been.
But if the bond be adjudged void, the consequences to the plain tiff will be mischievous. The plaintiff in replevin, under color of it, has obtained possession of the goods, of which the present plaintiff has been deprived, who will have no remedy but an action against the officer, which in many cases may be very inadequate. And it would be unreasonable to allow the defendants to dispute the bond voluntarily executed by them, after their principal had had the full benefit of it as a legal deed.
But without regarding the inconveniences that may result to either party, the bond must be good, unless it be declared void by the common or statute law; and we know of no law by which it is made void.
The plea in bar is bad and insufficient (a).
There being pending three other actions sued by the plaintiff against the defendants on three other replevin bonds, which were to follow the judgment in this action, the defendants, under the twelfth section of the statute of 1784, c. 28., moved that the plaintiff might be allowed to tax but one bill of costs.
But it appearing that the plaintiff, as a deputy sheriff, had attach ed the goods replevied on each writ at the suit of several persons, the Court were of opinion that he might tax the costs in each ac tian. For, by the statute of replevin, each bond was given to him in trust for the attaching creditors respectively, and that he must be considered as prosecuting in the several rights of others, which he ought to keep distinct, that the several remedies may not be confounded or blended in one judgment.

 Dunbar vs. Dunn, 10 Price, 54. — Austen vs. Howard, 7 Taunt. 28. — 2 Marsh, 359. — 1 Moore, 68.