FLEET *against* LOCKWOOD:

### IN ERROR.

*Fairfield,*
June, 1845.

Fleet
*v.*
Lockwood.

17  233
66  547

If the plaintiff in an action of replevin be not an inhabitant of this state, he must give bond for prosecution, pursuant to the 1st section of the act regulating civil actions ; otherwise, the process is abateable.

The giving of a bond pursuant to the 8th section of our statute authorizing writs of replevin, does not supersede or dispense with such bond for prosecution ; the former bond not securing to the defendant in replevin his costs.

Where a writ of replevin, brought for goods and chattels which had been attached as the property of another person, was abated for want of the requisite bond for prosecution ; and the court thereupon rendered judgment, that the plaintiff return the goods and chattels replevied to the officer who attached them ; it was held, that such judgment was correct.

An avowry, or suggestion in the nature of an avowry, by the defendant in replevin, is not necessary to authorize the court to render a judgment of return, where the writ is abated or set aside, on account of an irregularity or defect in the replevin process.

THIS was an action of replevin, for certain goods and chattels, which had been attached, as the property of *Patrick Laurie,* by the defendant, a deputy sheriff, returnable to the county court of *Fairfield* county, at its term in *December,* 1840.

At the time of issuing the writ of replevin, due notice being given to the attaching creditor, a bond was taken of the following tenor : " We, *Patrick Laurie* and *Stephen B. Provost,* acknowledge ourselves jointly and severally bound to said *Davis Lockwood,* in a bond of 100 dollars, that said *Daniel Fleet* shall prosecute the writ of replevin now taken out against said *Davis Lockwood,* at the county court to be holden, &c. ; and in case he fail to make his plea good, to return and redeliver the goods hereby directed to be replevied to said *Davis Lockwood,* who attached the same, so that the same may be forthcoming to be taken on the execution that may be recovered in said suit ; and on failure thereof, to pay the debt, damages and costs that may be recovered therein."

The writ of replevin having been served and returned to the county court, the defendant pleaded in abatement, that said *Daniel Fleet,* the plaintiff, was not an inhabitant of this state, either when he prayed out said writ, or when it was signed and issued by the justice of the peace, by whom it was

signed and issued, nor when service of said writ was made upon this defendant ; nor has the plaintiff been an inhabitant of this state, at any time since said service was made on this defendant ; but said *Fleet*, the plaintiff, when he prayed out said writ, and when it was so signed and issued, and when service thereof was made on this defendant, was, and ever since has been, an inhabitant of *Oyster Bay*, in *Queen's* county, in the state of *New-York*, and that the plaintiff did not, when he so prayed out said writ, nor when the same was so signed and issued by said justice, nor at any time, procure surety according to the law in such case provided, in a bond, or otherwise, from any inhabitant of this state, to prosecute his said action to effect, and answer all damages, in case he should not make his plea good.  The facts alleged in this plea, were traversed by the plaintiff.  The court, having fully heard the parties, found the facts stated in the plea in abatement to be true, and thereupon adjudged, that the plaintiff's writ and process abate and be dismissed.  The court further ordered and adjudged, that said *Daniel Fleet* do return the goods and chattels by said writ replevied and taken out of the hands of the defendant, to the officer who attached the same, *viz.* the defendant, to be by him disposed of according to law, on execution recovered in the suit in which they were attached ; and that, on failure thereof, the plaintiff shall pay to the defendant the value of said goods and chattels, or the debt, damages and costs recovered in the action in which they were attached by the defendant, in case the value of said goods and chattels exceed the amount of such debt, damages and costs ; and that the defendant recover of the plaintiff his costs in this suit.

To reverse this judgment, the plaintiff brought a writ of error in the superior court ; which was reserved for the advice of this court, as to what judgment should be rendered therein.

*Bissell*, for the plaintiff in error, contended, 1. That the record disclosed no sufficient ground for abating the suit. The bond required by the statute in actions of replevin, was given.  *Stat.* 504. *tit.* 84. *s.* 8. (ed. 1838.)  2 *Sw. Dig.* 446. The bond comes in place of the property attached, and is coëxtensive with the lien acquired by the attachment.  This

is all that the statute requires. It is however said, that the statute concerning civil actions, sect. 1., has not been complied with; and that the bond given in this case, furnishes no security for the costs of suit. In the first place, this section of the statute does not apply to the action of replevin, but to the ordinary civil actions. Many of its provisions are inapplicable to this action. The statute of *replevins* (a) was passed long after the statute regulating civil actions; and the legislature have prescribed the form of the process and the bond to be given. Secondly, this bond furnishes adequate security for the costs of suit. It is a bond to *prosecute ;* and that, *ex vi termini,* implies a liability to costs. But thirdly, if it were otherwise, it is the bond prescribed by the statute, and precisely adapted to meet the only judgment which can be rendered in the case.

2. That if the suit was properly abated, the judgment rendered for *a return of the property*, was erroneous. In the first place, that judgment was entirely out of the issue joined in the cause. Secondly, there is no suggestion on the record, that a return was sought. Thirdly, the title to the property was not drawn in question. The defendant tendered an issue, upon which the question could not arise. Does he not, by this course, waive a return of the property ? The only ground on which judgment for a return can be rendered, is, that the plaintiff in replevin has failed to make out a title to the property, and not that he has failed in his action. *Ladd* v. *Prentice*, 14 *Conn. R.* 109. 116. Thus, on the plea of *non cepit*, there can be no judgment for a return ; nor where the plaintiff and defendant are joint owners of the property. To warrant a judgment for a return, there must be an avowry, or some plea upon which the question of property may arise and be determined. *Ladd* v. *Prentice*, ubi sup. *Gould* v. *Barnard*, 3 *Mass. R.* 199. *Quincy* v. *Hall*, 1 *Pick.* 357. 360. *Wheeler* v. *Train*, 4 *Pick.* 468. *Simpson* v. *McFarland*, 18 *Pick.* 427. *Whitwell* v. *Wells*, 24 *Pick.* 25. *Butcher* v. *Porter*, 1 *Salk.* 94. *Cutfield* v. *Coney*, 2 *Wils.* 83. It is true, that upon a nonsuit there may be judgment for a return ; and the reason given is, that the defendant is prevented of his avowry, by the act of the plaintiff.

(a) See *Stat.* 574. and n. 1. (ed. 1808.) 14 *Conn. R.* 114.

*Hawley* and *Ferris,* for the defendant, contended, 1. That the judgment abating the writ, was right. The bond given secured to the defendant only the property taken, or its value; and no part of this could be appropriated to paying the costs of this suit. The defendant must have devoted all of it to the purposes of the suit in which he attached it, or have returned the excess (if any) to the defendant in that suit. The statute regulating civil actions, sect. 1. requires security for the costs, if the plaintiff is not an inhabitant of this state. This is a general statute regulating *all* civil actions, and is not superseded by the statute of replevins. The latter statute merely provides for the process of replevin, leaving the suit, in all other respects, as in regard to venue, depositions, &c., to be regulated by the general law. The 2d section of the replevin law applies only to the process prescribed by the first section. Different bonds are subsequently prescribed for the other kinds of replevin—an appropriate bond for each—without rendering unnecessary that prescribed by the general law.

2. That the judgment for a return of the property, was correct. This is a matter to be determined by our statute, and by that only. The 8th section provides, that if the plaintiff shall fail to make out a title, judgment shall be rendered against him to return the goods. The bond requires, that if he fail to make his plea good, he shall return and redeliver the goods. To *make out a title* and to *make the plea good,* mean the same thing. On such failure, a return must be adjudged; for it depends on no other condition, and the statute is imperative.

The only remaining question is, whether in this case, there has been such a failure. What is the plaintiff bound to do? He must obviously bring a proper action, and so bring it as to enable him to try the merits. If he brings a defective, abateable suit, and never gets a trial on the merits, he as truly fails to make out a title, as if the question of title had been directly put in issue, and tried, and decided against him. There is nothing in *Ladd* v. *Prentice,* 14 *Conn. R.* 109. inconsistent with this; for there the plea *denied the taking ;* and besides, the finding showed explicitly, that the defendant was not entitled to a return.

It is enough that the record shows, in any way, and especially by the plaintiff's own averments, that the defendant, on

the plaintiff's failure in the action, is entitled to a return; it being the duty of the court, in that case, (as in all cases,) to render such judgment, as the party, upon the whole record, appears entitled to.

*Fairfield,*
June, 1845.
———
Fleet
*v.*
Lockwood.

STORRS, J.    The first question presented for our advice, is, whether the county court erred in rendering judgment that the writ of replevin should abate.    This involves, in the first place, the inquiry, whether the act for the regulation of civil actions, (section 1.) providing, that if the plaintiff is not an inhabitant of this state, he shall procure surety in a bond to prosecute his action to effect, applies to the action of replevin. This statute is sufficiently broad in its terms to include this action; it is general in its language, and embraces all civil actions; and there is no reason why the defendant in this should not have the same security for costs, as in other civil actions.    Nor is this statute inapplicable to this action, by reason of its being given by the statute of replevin only, and not by the common law; and that the latter statute was passed subsequently to the former.    It is sufficiently comprehensive in its terms, and, in our opinion, was intended to embrace, not only all civil actions then in use, but also such as might thereafter be created; and when the action of replevin was subsequently authorized, it became subject to the operation of this general law.    Nor, however it might be with respect to some other of its sections, do we perceive any incongruity in such a construction of the 1st section of it, arising from the provision of the statute allowing the action of replevin, or from the nature of that action.

The next inquiry involved in the question we are now considering, is, whether the replevin bond given in this case, which is the bond required by the 8th section of the replevin act, secures to the defendant in this action of replevin his costs; for if that is its effect, we should hold it to be a compliance with the 1st section of the act regulating civil actions requiring such security.    We are of opinion, that it does not. By a reference to the replevin law, it is perfectly clear, that the bond required by the 8th section of it is intended solely as a security to the plaintiff in the suit in which the goods are attached, for the amount recovered in that suit, in whole or in part, according as the value of such goods is, or is not, as great

as the amount so recovered.   In the language of *Sherman, J.,* in *Green* v. *Barker* & al. 14 *Conn. R.* 431. " the object of this law is to place the attaching creditor in as good a condition as he would have been, if his officer had continued in possession of the property.   It is a security substituted for that which is taken away by the replevin.   This is its only object, and the plaintiff's officer holds the property by virtue of the attachment, for no purpose but to apply it upon the execution in payment of the judgment which may be recovered, and the costs arising on the levy of the execution."   That this is the sole object of the replevin bond, is very manifest from its condition, as prescribed by the statute, which is, in case of a failure by the plaintiff to make his plea good, " to return and redeliver the goods, &c. attached, to the officer attaching the same, so that they may be forthcoming, to be taken by an execution that may be granted in the suit on which they were attached, and on failure thereof, to pay the debt or damage that may be recovered in such suit."   *Stat. of Replevin, sect.* 8. *p.* 504. (ed. 1838.)   The bond is indeed " to prosecute the action of replevin to effect ;" but the only condition of it is, that, if he does not, he shall return and redeliver the property, or pay the amount recovered as aforesaid.   That this is the sole object of the replevin bond, is put beyond all doubt, by the subsequent provision in the same section (§ 8.) prescribing the judgment to be rendered against the plaintiff in replevin, if he shall fail to make out a title to the property replevied. In accordance with this view, it was held, in *Green* v. *Barker,* that any event which divests the attaching officer of the power of holding the property upon the attachment, equally divests the attaching creditor of the right to claim it, by virtue of the replevin bond.   That bond, therefore, is not a security for the costs of the defendant in the action of replevin.   As is said, by the same learned judge, in *Ladd* v. *Prentice*, 14 *Conn. R.* 116. " He may have judgment for his costs, but he cannot recover them on the replevin bond, as they are not secured by its provisions."   It would moreover be unjust to consider that bond as a security for the costs of the defendant in that suit ; because the security of the attaching creditor, furnished by the goods so attached, might be diminished to the injury of such creditor, by holding them to be a security not only for the debt or demand on which they were attached, but also

for the costs of the defendant in the replevin suit. They might be a sufficient security for that debt or demand, but not for that and also for those costs. There is, therefore, no error in the judgment of the county court, that the writ of replevin should abate.

*Fairfield,*
June, 1845.

Fleet
*v.*
Lockwood.

The remaining question is, whether that court was correct in awarding a return of the property replevied to the defendant, in the action of replevin.

Replevin is not, in this state, a common law action, but is given solely by statute ; and it is only recently, (1821,) that it was extended to the case where the property of one person has been taken on an attachment against another. In that case, the statute is very particular in its provisions as to the proceedings in the suit, and the form and mode in which the judgment shall be rendered. After prescribing the terms of the bond to be given by the plaintiff, and that the attaching party shall be cited into court to answer to a charge for unlawfully taking the goods, it provides, that if the plaintiff shall make out a title to such goods, he shall have judgment to retain the same, with his damages and costs ; but that if he shall fail to make out a title, judgment shall be rendered against him to return such goods to the attaching officer, and that on failure thereof, he shall pay the value thereof, or the debt or damages and costs recovered in the action in which they were attached, in case they exceed in value the amount of such recovery. *Stat. of Replevin, sect.* 8. *p.* 505. By this statute, rather than by the rules which apply to common law actions of replevin, must the proceedings of our courts be governed. In the case before us, it is alleged, by the plaintiff, in his writ, that the goods to be replevied were attached by the defendant, in a suit against *Patrick Laurie.* The writ of replevin was properly abated, as has been shown, by reason of an irregularity in its being issued without the requisite bond for prosecution. It is, therefore, a case where the plaintiff failed to make out a title to the goods replevied on that writ ; for it is hardly requisite to say, that the abatement of the writ for such a cause, necessarily precluded a trial of the title, and much more an establishment of it in favour of the plaintiff. The defendant, therefore, was entitled to a judgment of return, unless the objections urged by the plain-

Fleet
*v.*
Lockwood.

tiff ought to prevail.    These objections relate to the form of the pleadings.

It is claimed, in the first place, that the title to the property was not in question on the pleadings; and that, therefore, the judgment of return is not within the issue formed.    It is a sufficient answer, that by reason of the irregularity in the issuing of the writ of replevin, and that owing to the fault of the plaintiff, of which it was the right of the defendant to take advantage by plea in abatement, the cause had not reached that stage where the question of title could be presented or tried.    And it is because, by reason of this fault of the plaintiff, the title could not be tried, on account of the abatement of the writ, that he had precluded himself from establishing his title, and therefore failed to make his title good, as the statute required.    It would be singular indeed, that where a trial of the merits of an action is prevented, by a defect or irregularity in the process, occasioned by a fault of the plaintiff, he should be placed in the same condition as he would have been, if the process had been in all respects regular, and there had been a trial of the merits and a decision in his favour, or that the defendant should lose the benefit which he might have had of a trial on the merits, and a decision in his favour on such trial, by interposing, as he had a right to do, an exception *in limine* to the validity of the process.    When the process is set aside for such a cause, justice requires that the parties should be placed *in statu quo,* which can be done only by returning to the defendant the property replevied, and putting the plaintiff to a new writ of replevin.    When the writ is thus abated, it is as if there was no writ, and therefore no process on which the property can be legally retained by the plaintiff.    The proposition is by no means true, that where the title has not been tried in replevin, there cannot be a judgment of return.    On a nonsuit or withdrawal in replevin, by the plaintiff, the title could not be tried; but in these, and many other similar cases, it has been determined, that a return shall be awarded; and the reason is, that by the fault or act of the plaintiff, the defendant is prevented from maintaining or showing his title.    The same reason substantially applies in this case.

It is suggested, that the defendant, by tendering the issue made in this case, has waived all claim to a return.    To hold,

*Fairfield,*
June, 1845.

Fleet
*v.*
Lockwood.

however, that the defendant, by denying that the property was regularly or lawfully replevied out of his hands, intended to forego the benefit of asserting a title to it, would be adopting a most unnatural and improbable presumption. We know of no ground on which he is, or ought to be, precluded, by interposing this plea in abatement, from asserting that title. Indeed, it is difficult to imagine how, consistently with legal principles, the defendant, by pleading in abatement to the regularity of the writ, can be deemed to waive any right which he might have established, if the cause had gone to trial on its merits.

The plaintiff in error, however, further insists, that although the defendant might have been entitled to a return, if it had been claimed in a proper form, an avowry by him was necessary to warrant the award of a return by the court; and cases adjudged where replevin is a common law action and the common law rules prevail in respect to it, are relied on. This is merely a technical point; since, if an avowry was necessary, it would not be traversable, but only a matter of suggestion to the court; like the suggestion by way of avowry, where the issue is found for the defendant, on the plea of *cepit in alio loco*, where it is necessary that it should be made for a particular purpose only, namely, to warrant the further proceedings of the court requisite on behalf of the defendant, and not to lay the foundation for a trial between the parties of the truth of the facts so suggested ; and hence a traverse of the avowry, in such case, is held to be irregular : and it would not only be unreasonable, but inconsistent, to absolve the defendant from answering the charge of the plaintiff, by abating the writ, and, at the same time, to compel him to try the merits of the cause with the plaintiff. *Potter* v. *North,* 1 *Wms. Saund.* 347. and n. 1. *Crosse* v. *Bilson,* 6 *Mod.* 102. *Anon.* 1 *Vent.* 127. *Foot's* case, 1 *Salk.* 93. *Anon. Id.* 94. *pl.* 4.

Such an examination, however, of the common law authorities, as we have been able to make, does not, by any means, support the proposition, that an avowry, or suggestion in the nature of an avowry, is necessary, where the writ of replevin is abated or set aside, on account of an irregularity or defect in the replevin process. It is true, that the general rule, as stated in the books, is, substantially, that in order to entitle

HARVARD LAW LIBRARY

*Fairfield,*
June, 1845.

Fleet
*v.*
Lockwood.

the defendant to a judgment of return, where the issue is found in his favour, it must appear, either from the pleadings, whether in abatement or bar, or by a proper suggestion, that he has a right to such return; and it is also stated, that there is a distinction between pleas in abatement in actions of replevin and other actions, for that in the latter, the plea goes merely to the writ, and the defendant is placed *in statu quo,* by its abatement; whereas in replevin, as the plaintiff has obtained possession of the property, by the execution of the writ of replevin, the defendant, by merely abating the writ, is not re-instated in his possession of it, and in order to obtain such possession, by the awarding of a return, must show, that he is entitled to the possession. The terms in which we find these principles laid down, do not import that they were designed to embrace, nor are the authorities relied on applicable to, cases where property is irregularly replevied; on the contrary, in all of the cases cited in support or illustration of these rules, stated thus generally, the process of replevin was regular, and consequently, the delivery of the property under it; and the writ was abated for other causes than its defectiveness or irregularity. The writ and the proceedings under it being regular and valid, it might well be held, according to the theory of this species of action, that the defendant, seeking a return of the property, had become, as well as the plaintiff, seeking damages, an actor or plaintiff, and should therefore show a right to such return. But the propriety of considering the defendant a plaintiff or actor in any such sense, or of putting him to the vindication of his title, before the property has been regularly taken from him, is not perceptible. Nor is there any more reason why he should be required to avow or make title, in such case, than where the plaintiff becomes nonsuit before declaration, where in *England* it is well settled, that the defendant need not avow; and the reason given, is, because the plaintiff has given him no opportunity to do so. 18 *Vin. Abr.* 586. 591. 592. *Parker* v. *Mellor, Carth.* 398. S. C. 1 *Ld. Raym.* 217. *Butcher* v. *Porter, Id.* 243. S. C. 1 *Show.* 400. *Salkold* v. *Skelton, Cro. Jac.* 519. *Wildman* v. *North,* 2 *Lev.* 92. S. C. *nomine Wildman* v. *Norton,* 1 *Vent.* 249. *Allen* v. *Darby,* 1 *Show.* 99.

But however it may be at the common law, the terms of our statute are such as to render an avowry, or suggestion in

*Fairfield,*
June, 1845.

Fleet
*v.*
Lockwood.

the nature of one, unnecessary; and it has not been our practice to require it. Both the writ and declaration here show, that the property was held, by the defendant, on attachments against a person other than the plaintiff in this suit. This, of course, renders a suggestion of the fact, by the defendant, unnecessary. The statute § 8. provides, that in such a case, if the plaintiff shall make out a title to the property, he shall have judgment to retain it ; but that if he shall fail to do so, judgment shall be rendered against him to return it to the attaching officer. Here, there being such a failure, judgment of return was proper. If the facts are such, on the abatement of a writ of replevin for a cause like the one in this case, that the plaintiff is exonerated from returning the property, those facts ought to be shown by the plaintiff, since *prima facie* the attaching officer has a right to be re-instated in the possession of it.

The superior court, therefore, should be advised, that the judgment of the county court ought to be affirmed.

In this opinion the other Judges concurred.

Judgment affirmed.