## FREDERICK CLAGGETT *v.* DEXTER RICHARDS.

P. B. & F., a firm in Boston brought replevin in Hillsborough County in this State against T. & H. resident in the city of Manchester. The sheriff of Sullivan county made service of the writ so far as to seize the goods then in his jurisdiction, and to deliver them over to the plaintiffs in that action and to receive their replevin bond, signed by the defendant in this action as surety. Upon exception by the defendant it was *held:*

1. That the bond in suit, though not in strict conformity with the statute, may be binding as a common law security.

2. That the plaintiff as sheriff of Sullivan county, who acted officially in serving the replevin writ, and seized and delivered over the goods to the plaintiffs in replevin, and received their bond as principals and signed by the defendant as surety, was rightfully under our statute made the obligee in said bond, and for the security of all concerned.

3. That where a party voluntarily assents to an act, whether deed, will, or bond, and derives and enjoys a title and benefit under it, generally he cannot be heard to impeach it.

4. The same rule is applicable to the return of the officer on a writ, as to such matters as are properly embraced in it.

5. The measure of damages in this action is the amount of the judgment obtained by the original defendants, in the replevin suit in Hillsborough county.

THIS is Debt upon a replevin bond to the plaintiff, the sheriff of Sullivan county. The defendant craved oyer of the condition, by which it appeared that the obligors had brought a writ of replevin, returnable in the county of Hillsborough, at the February Term, 1858, of the Court of Common Pleas, for goods alleged to be of the obligors, and which were wrongfully detained in the county of Sullivan.

And thereupon the defendant demurred to the declaration, and also pleaded *non damnificatus.* The demurrer was based upon the ground that the writ of replevin being a local action, the court in Hillsborough county had no jurisdiction, and therefore the bond in question was invalid; and it appeared that said action failed, and that damages were assessed and awarded against the principal obligors for the value of the goods.

At the hearing either party may read the pleadings in the case.

*Cushing,* for plaintiff.

*Burke & Waite,* and *G. Y. Sawyer,* for defendant.

NESMITH, J. THIS was Debt founded upon a replevin bond execut-ed to plaintiff as sheriff of this county by Peirce Brothers and Flanders, as principals, and by defendant as one of the sureties. The defendant in this action craved oyer of said bond and of the condition thereof. It appeared that the principal obligors aforesaid, originally commenced their action of replevin againt the firm of Todd & Hackett, then residents in Manchester in this State, for the recovery of the goods, wares, and merchandise, specified in the schedule annexed to said bond, and alleged to have been wrongfully taken and detained by said defendants; which action was entered in the Court of Common Pleas, holden at Nashua, in and for the county of Hillsborough, on the first Tuesday of February, A. D. 1858. The condition of said bond further recited, that, if the said Peirce Brothers and Flanders should prosecute their said action of replevin to final judgment, and pay all such costs, damages and charges as the said Todd & Hackett shall recover against them, and shall indemnify the said sheriff and his deputies against all loss, cost and damages, to which he or they may be subjected by reason of re-plevying the same goods, then the bond to be void, &c.

The 5th section of chap. 204 of the Revised Statutes, (520 Comp. Laws,) "provides that the plaintiff in the writ of replevin, before the service thereof, shall give bond to the sheriff of the county with sufficient sureties in a sum not less than double the value of the property re-plevied, conditioned to prosecute his suit, and to pay all such damages and charges, as may be awarded against him." From the examination of the sheriff's return made upon the original writ aforesaid against Todd & Hackett, it appears that plaintiff as sheriff of the county of Sullivan, on the 8th day of January, A. D. 1858, replevied the goods described in the schedule annexed to said bond, and delivered the same to Messrs. Peirce Brothers & Flanders, and as security received the bond in suit, signed by them as principals, and by the defendant, as one of the sureties thereon. From the record of the judgment in said suit, it also appeared that the aforesaid suit was prosecuted in the county of Hillsborough, and that there the defendants filed their demurrer to plaintiff's writ and declaration, and that the plaintiffs submitted to a nonsuit, claiming no appeal, nor asking for any amendment, and that final judgment was rendered for the defendants for the value of their goods in question, and for their costs.

A writ of error was subsequently sued out by Peirce Brothers & Flanders to reverse the aforesaid judgment. And the principal cause of error assigned in that case was, that the damages in said suit had not been ascertained either by the jury or court. Upon a full examination of the record and the merits of the case, the court refused to reverse the judgment. *Peebles* v. *Rand,* 43 N. H. 337. And, now, the judgment creditors, Todd & Hackett, being the interested holders of the judgment rendered in their favor against Messrs. Peirce Brothers &

Flanders, who are not residents in this State, commence this action on the replevin bond against Richards, who is one of the signers thereon, and a resident in this State, and in the name of the sheriff of this county, who stands as the equitable assignee of the rights of the judgment creditors. But the defendant now interposes the objection that he is not bound by the bond, because it is not in conformity with the statute regulating this subject:

*First*, because it is made to the plaintiff as obligee for indemnifying him personally against liability on account of loss, &c., to which he may be subjected for replevying the goods, &c. It may be conceded that the language of the condition of the bond may not be in strict conformity to the requisitions of the statute. Still, it may be binding upon the obligors as a common law security, and such was the decision of the court in this State upon the consideration of a bond similar to this in many respects. *Whittemore* v. *Jones*, 5 N. H. 362.

*Second.* It is further contended that the bond is void, because it was not taken to the sheriff of Hillsborough county, where the original writ, on which the plaintiff seized and replevied the goods was made returnable, and, therefore, that the bond should have been made to the sheriff of that county as the obligee, because the defendants in that action lived there, and the process was returnable there, and judgment to be rendered there. The return on the said original writ shows that Mace Moulton, a deputy of the sheriff of Hillsborough county, did complete the service of the same by giving the formal copies of the writ as notice to each of the defendants, Todd & Hackett, but he did nothing more. The goods to be replevied being in Sullivan county, and under the jurisdiction and power of the sheriff of that county, and it appearing to us that he having in fact seized them, and having the legal custody of them, and have incurred the obligations and risks incident to the seizure, is the officer intended by the statute to be indemnified or secured by the bond prescribed to be taken.

Neither the sheriff of Hillsborough county nor his deputy incurred any risk here in consequence of his seizure of the goods, and therefore neither is held to any responsibility on this account. The object of the statute was doubtless to provide a remedy or security in the form of a bond, to the sheriff who in the first instance seized the goods upon the writ of replevin, and who, under the law, surrendered them to the party replevying the same, and who incurred the liability to pay the damages and charges for his own official acts, and also for those of any of his deputies, who may have participated in the proceedings. Therefore, we think the sheriff of Sullivan county, who acted officially in serving the replevin writ, properly was made the obligee in the bond, which was executed for his security as well as the interested parties in this case.

It is suggested also by the defendant, that the bond in question contains more than is required by the act under which it was taken, and therefore is not binding upon the obligors, and should not be enforced. 9 Pickering, 395. It seems to us, however, that the defects urged against this bond are not of such character as to invalidate it as a common law

security, and in addition to the authority already presented from our own State, we refer to the case, *Exparte Livingston* v. *The Supreme Court of the City of New York*, 10 Wend. 547. It was there held, that a replevin bond, given to prosecute a suit in replevin in New Jersey, was not to be considered as a replevin bond within any of their statutes, but the bond was *held good* and binding as a common law security. 5 Harr. 1 Delaware, 19 U. S. Digest, 490; *Morse* v. *Hodgdon*, 5 Mass., 318; *Chadwick* v. *Badger & als.*, 9 N. H. 451. In *Morse* v. *Hodgdon*, Judge Parsons remarks that the condition of the replevin bond in that case was variant from the form directed by the statute in that State, but the statute does not prohibit the taking of a bond of any other form, or declare a bond of any other form void. "The plaintiff in replevin, under color of it, has obtained possession of the goods, and it would be unreasonable to allow (the defendants) the signers of the bond, to dispute the bond voluntarily executed by them, after their principal had had the full benefit of it as a legal deed." Hence, as intimated by Judge Parsons, it may be laid down as a safe general principle applicable to this class of cases, that where a man voluntarily assents to an act, whether deed, will, or bond, and derives and enjoys a title and benefit under it, he cannot be heard to impeach it. 1 Term Reports, 44; 4 Comyn's Digest, Article Estoppel.

This principle is held applicable to bail bonds in England. There the practice is to take bail bonds to the sheriff, as security to the creditor. Bail are held liable to the extent of the penalty of the bond to answer for the real debts of the plaintiffs, although the arrest be for a different sum, and the cause of action in the process differ from that stated in the bond; and the signers are not allowed to dispute the bond. 2 Saunders' Pleadings, a. note 67; 1 Taunton Rep. 218; *Mitchell* v. *Gibbon*, 1 H. Black. 76.

The true rights and liabilities of the judgment creditors in the original replevin suit become necessarily dependent upon, and closely connected with, the legal acts of the plaintiff as an officer who replevied the goods, and delivered them over to the principals on the bond in suit; and, therefore, that part of the officer's return becomes very material to plaintiffs, where he recites the fact that a bond was taken by the officer for security, &c. This being an important or constituent part of the return, the defendant is not in position, having voluntarily signed the bond in question, to come into court to dispute the binding effect of said return. *Brown* v. *Davis*, 9 N. H. 80. The doctrine of estoppel will not be permitted to apply beyond the legitimate effect of said bond. *Pindar* v. *Upton & al.*, 44 N. H. 358.

Under these general views, holding that the bond is valid as a common law security; that it sufficiently conforms to the statute, as having been executed to the proper officer as obligee, and for the benefit of the interested parties; that it is not competent for the defendant to contradict his own voluntary act or deed; and finding also that the judgment originally recovered in favor of Todd & Hackett against the principals on the defendant's bond, is in full force, and that said principals or joint obligors have received the goods for which this bond was given—under the

authority given us by the case we overrule the demurrer filed in this case. Under an issue to be formed upon the plea of *non damnificatus*, the plaintiff's in interest can offer the judgment obtained in their favor, as their measure of damages.

It appears that at common law the action of replevin was treated as local, and the action was to be brought in the county where the property seized was located, and the bond was delivered and other proceedings had. *Atkinson* v. *Holcomb*, 4 Cowen 45.

Under our statutes, this action of replevin may possibly be regarded as transitory. It is enough to say, however, that the action before us is right and could not be brought elsewhere, as both parties are resident in this county. We have no knowledge whether this point was decided in the replevin suit in Hillsborough county or not. The declaration of the plaintiffs was manifestly defective in that case, and judgment may have properly passed *against the plaintiffs for that reason* alone. Nor was this point raised necessarily in the writ of error brought to reverse the judgment rendered in that case. We do not undertake now to decide the question whether replevin be a local action in this State or not. It is enough for us to find that the judgment rendered in the replevin suit in Hillsborough county was right in form and substance, and is the proper measure of damages in this suit on the bond. In *Bell* v. *Bartlett*, 7 N. H. 190, the court say that the plaintiff in replevin, who has wrongfully sued out this process cannot complain that he is required to pay the value of the property instead of having the privilege of returning it again. *Kendall* v. *Fitts*, 22 N. H. 1; *Claggett* v. *Simes*, 31 N. H. 29.

The defendant has the right to be heard in chancery, in case of default, as to the amount rightfully to be recovered by plaintiff in this case. What may be shown in mitigation of damages in cases of a similar nature has recently been considered in Massachusetts by the court in *Davis* v. *Harding & als.*, 3 Allen, 306.