INHABITANTS OF SCARBOROUGH *versus* GEORGE W. PARKER.

By R. S. of 1841, c. 14, § 63, (R. S. of 1857, c. 3, § 85,) the assessors shall require the collector to give bond for the faithful discharge of his duty, &c., in such sum, and with such sureties, as the selectmen shall approve.

This section is merely directory; and the giving of such bond is not a condition precedent to the collector's assuming his official duties.

By R. S. of 1841, c. 14, § 71, (R. S. of 1857, c. 3, § 93,) collectors are empowered to complete their collections notwithstanding new collectors may have been chosen and sworn.

Tax bills, together with a legal warrant for their collection, were duly committed to the defendant, chosen collector in 1856, who, thereupon, without giving bond, entered upon and continued his official duties until 1862, when, upon request, he voluntarily gave a bond, of the latter date, without sureties, to the plaintiffs, reciting, that, whereas he had been appointed collector for the year 1856, conditioned "if he shall well and faithfully discharge all the duties of said office, then said bond to be void, otherwise," &c.; *Held,* —

1. That the bond was good at common law;

2. That it was prospective, and covered no past faults or omissions; and

3. That, after the lapse of a reasonable time, an action would lie for non-diligence in its performance.

Damages in such case.

ON REPORT from *Nisi Prius*, BARROWS, J., presiding.

DEBT on a bond, dated Feb. 21, 1862, given by the defendant alone to the plaintiffs, of the condition of which the following is a copy : —

"The condition' of this obligation is such, that whereas the said *George W. Parker* has been appointed *collector of taxes* of said town, for the year *eighteen hundred and fifty-six,* now if the said Parker shall well and faithfully discharge all the duties of said office, then this obligation to be void, otherwise to remain in full force."

The remaining facts sufficiently appear in the opinion.

*Howard & Cleaves,* for the plaintiffs.

*Vinton & Dennett,* for the defendant, contended, —

I. That the town was in equal fault by assuming such a direction as excused the defendant.

II. Bond is void, for being so widely variant from the law.

1. None but the assessors who assessed the tax can "require a bond of the collector." R. S., c. 6, § 85. Between the assessors of 1856 and any other year, there is no privity.

2. "Assessors shall require a bond of the *collector.*" Collector is chosen annually. Office annual. When 1856 expired, office of collector for that year expired with it, and another was chosen to fill vacancy caused by expiration. Private individual cannot give collector's bond, nor the town take such bond; and, if such a bond is given, it is without consideration. Consideration is the office. A bond given for past or executed consideration is void.

Collectors may "*complete* their collections," by R. S., c. 6. § 93. That is, they may finish their *old* business; they can do no *new* business. Similar provision in relation to sheriffs; but ex-sheriffs cannot make a valid sheriff's bond.

3. Collectors are to "give bonds to the *inhabitants*" who elected them, to whom they are officially related. The inhabitants of no other year are contemplated by the statute.

4. Bond without *sureties.*

On void bonds, counsel cited *Purple* v. *Purple*, 5 Pick., 226; *Stevens* v. *Hay*, 6 Cush., 229; *Currier* v. *Greeley*, 39 Maine, 516; 7 Cush., 116; *U. S.* v. *Howell*, 4 Wash., 620; *U. S.* v. *Morgan*, 3 Wash., 10; U. S. Dig., vol. 20, title Bond, p. 165, § 95; *U. S.* v. *Giles*, 6 Cranch, 212; *Sweetsir* v. *Hay*, 2 Gray, 53; *Farrar* v. *U. S.*, 5 Peters, 372; *Armstrong* v. *U. S.*, Peters' C. C. R., 46.

5. Bond given in 1862 for the faithful discharge of official duties in 1856 is an absurdity.

Conditions in bonds must be *sensible, certain and possible.* *Wharf* v. *Mussey*, 48 Maine, 307.

III. Can be no breach until collector has had same time in which to collect these uncollected taxes, that he would have had if bond had been given when it ought to have been. *Haynes* v. *Fuller*, 40 Maine, 162. Ten months — time between date of bond and writ — not enough.

BARROWS, J. — The defendant was collector of taxes in the plaintiff town for 1856 ; and, sometime in September of that year, received the tax bills and a warrant for collection, of the sufficiency of which no question is made.

The R. S. of 1841, c. 14, § 63, then in force, (reënacted in R. S. of 1857, c. 6, § 85,) directed the assessors to require of the collector a bond for the faithful discharge of his duty, in such sum and with such sureties as the selectmen might approve, and the selectmen were directed to require a bond of the treasurer, by § 141, of the same c. 14. These directions were not followed. Neither the defendant nor the treasurer of Scarborough appears to have been required to give bond during that year. The defendant, however, proceeded under his warrant and collected a portion of the taxes.

In June, 1857, the treasurer having given no bond, and, according to the defendant's testimony, refusing to give him a treasurer's receipt, the defendant declined to pay over to him a sum of about $500 which he then had in his hands. There was then remaining uncollected the sum of $4800, or thereabouts. It was now discovered by the selectmen that neither the treasurer nor the collector had given bond, and all concerned seem to have adopted the idea that there was no way of enforcing the collection of the tax, and it was agreed that the affair should be kept secret, and the defendant should collect what he could. The treasurer for the year 1857, shortly after, gave bond and the defendant paid over to him the $500 which he had collected, and, in the course of the following year, reduced the amount of uncollected bills somewhat, making payments as he collected. By this time, the tax payers had learned that there was no bond, and repeated demands made by the defendant failed of producing any effect. He seems not to have attempted to coërce payment, acting under the direction of the selectmen, and thus matters went on, (the amount uncollected being, meanwhile, reduced by payments made upon defendant's solicitations, to about $1300,) until the year 1861, when the town authori-

ties endeavored to procure an adjustment. Various attempts to bring about a settlement by reference failed, and at last, on request of the selectmen, defendant paid over the balance of the collections remaining in his hands and gave the bond in suit, Feb. 21, 1862. Defendant has no money belonging to the town in his possession, but plaintiffs claim to recover on account of failure to collect.

The bond is not the bond contemplated by the statute. It should have been given long before, with sureties, and approved by the selectmen for the year 1856, and there is a want of definiteness about the condition, which, while we think it not sufficient to invalidate the instrument, is by no means desirable.

The defendant contends that the bond, not being conformble to the statute, is void. It is good, unless declared void by the statute or common law. *Morse* v. *Hodsdon*, 5 Mass., 318.

We know of no statute provision which makes such a bond void.

It appears to have been voluntarily given and for a purpose that is neither immoral nor illegal. Why should it be adjudged void by the common law? We cannot so adjudge it. The defendant received a valid warrant, which was a protection against all irregularities or illegal proceedings but his own. *Ford* v. *Clough*, 8 Greenl., 334.

The directions therein contained the law required him faithfully to obey. R. S. of 1841, c. 14, § 62; R. S. of 1857, c. 6, § 84.

The want of a treasurer's bond, then, did not prevent him from doing his duty in the matter of collections, and is no excuse for the non-performance of it.

In the case of a treasurer, the neglect or refusal to give bond is by statute declared equivalent to a refusal to accept the office. R. S. of 1841, c. 14, § 141; R. S. of 1857, c. 6, § 134. There is no such provision in relation to the collector and his bond, but a series of sections give to the municipal officers of the town the right of constant supervision

of his proceedings, and furnish summary remedies if he is unfaithful or dilatory.

Great pains apparently have been taken by legislators to facilitate and secure the collection of taxes once lawfully assessed, and regularly committed with a proper warrant. It is not to be supposed that the ample powers conferred upon the collector, which were designed to insure the prompt collection of the funds necessary for the common welfare, are to depend upon a compliance with the directions of the statute in the matter of giving bond, in the absence of any statutory provision to that effect. If such had been the intention the office would have been declared vacant upon non-compliance as in the case of the treasurer. The constant inspection by the town authorities, and the summary remedies against collectors above referred to, are relied upon in lieu thereof to afford some protection, and the bond to be required is but a cumulative security, and the statute in that respect simply directory. If the assessors fail to require the bond as directed, the collector, having a valid warrant, may nevertheless proceed to perform his duties, and no tax-payer would be exonerated from the payment of his tax by reason of the deficiency. The giving of a bond is not a condition precedent to his assuming the duties of the office.

By § 21, c. 14, of R. S. of 1841, (reënacted in R. S. of 1857, c. 6, § 93,) collectors are empowered to complete their collections, notwithstanding new collectors may have been chosen and sworn. The defendant in this case has collected a large portion of the tax and faithfully paid over the money in his hands. But it was not an unlawful act for the town authorities, in 1862, in order to insure the completion of the collection, to request him to give a bond, and he, having voluntarily given the bond in suit, we hold it good at common law.

This being so, the defendant must show performance of the condition, if he would maintain his defence. *Inhabitants of Trescott* v. *Moan,* 50 Maine, 347.

This bond, given Feb. 21, 1862, is prospective by its very terms. It covers no past defaults or omissions. It is to be void if said Parker *shall* well and faithfully discharge all the duties of said office. It seems to be of the very essence of a bond for the faithful discharge of official duty that it shall be prospective. See *United States* v. *Giles & al.*, 6 Cranch, 212; *Farrar & al.*, v. *United States*, 5 Peters, 372; *Armstrong* v. *United States*, Peters' C. C. R., 46.

Now, if it had appeared that Mr. Parker had faithfully proceeded to complete the collection of the tax of 1856, after the giving of this bond, a plea of performance might have been sustained. But, weary of ineffectual solicitation and mistakenly supposing that he could not coërce payment from the delinquents, he seems to have made no effort to fulfil the condition of his bond. A reasonable time elapsed before the commencement of the suit for him to have collected what was collectable by any process that still remained available under the law. For his neglect to take any measures to collect, he is responsible in this suit.

This view of the case disposes at once of the objection that the selectmen were equally in fault, (even if that could originally have excused a neglect of this description,) and of the plaintiffs' claim to have execution awarded for the entire amount of the uncollected bills. Since the giving of this bond it does not appear that he has had any countenance from the town authorities in delaying the collection. And he is liable under this bond for nothing that was lost by previous neglects.

The power to enforce payment by a sale of real estate was no longer available when the bond was given. Laws of 1844, c. 123, § 15; R. S. of 1857, c. 6, § 156.

The individuals assessed might have died and their estates been settled, they might have gone beyond the reach of process, they might have become so impoverished that any attempt to collect would have been useless, before the bond was given, and the defendant would not be liable upon this bond for any loss to the town thus accruing.

---

All that was required of him by the bond was diligently from that time forward to proceed with his collections.

According to the stipulations in the report, if the action was found maintainable, the damages, unless agreed upon by the parties, were to be fixed by the Court in such manner as they might determine. Unless the parties agree upon the amount for which execution should issue, an assessor will be appointed by the Court at the next *Nisi Prius* term. .                                                   *Defendant defaulted.*

APPLETON, C. J., KENT, WALTON and DANFORTH, JJ., concurred.