ANDREW T. TUCK *versus* OLIVER MOSES *& als.*

A replevin bond, in less than "double the value of the goods to be replevied," is good at common law.

If a plaintiff in replevin neglects to comply with the judgment for return, following an abatement of the writ, because of such defective bond, the defendant in replevin may maintain an action thereon, notwithstanding the writ was abated upon his motion.

ON EXCEPTIONS.

DEBT upon a replevin bond given in the penal sum of fifty-six hundred and twelve dollars, for the replevying of 952 cords of wood, the value of which was, as alleged in the replevin writ, twenty-eight hundred and fifty-six dollars.

Plea, *nil debet*.and joinder, with proper specifications of defence.

The writ of replevin was abated on motion of the defendant in replevin, (present plaintiff,) because the penal sum of the bond, (now in suit,) was one hundred dollars less than double the alleged value of the wood replevied, and, thereupon, a judgment for a return was ordered; and the defendants neglecting ᐧ to comply therewith this suit was commenced. The defendants contended that the plaintiff repudiated the bond in the replevin suit by causing the writ to be abated, and that he is thereby estopped to maintain any action upon it. For the purpose of having the question settled by the full Court, the presiding Judge ordered a nonsuit, and the plaintiff alleged exceptions.

This action was not entered upon the district docket, but came before this Court under R. S., c. 77, § 18.

*J. C. Woodman,* for the plaintiff.

*S. & J. W. May,* for the defendants.

A bond is a contract. But, to be binding, it must be accepted. 2 Parsons on Con., 399, 400. All statute bonds must be accepted in some form by the obligee. The reception of such bonds, (as well as of those which are not statute bonds,) by the clerk, is no acceptance by the party for whose benefit they are filed. The clerk is not agent of the obligee, and cannot accept bonds not statute bonds for him. If such bonds are returned to the clerk with the writs, and are not repudiated by the obligee, the latter may accept them by bringing a suit upon them. Such suit is a legal acceptance. *Kimball* v. *Preble,* 5 Greenl., 353 ; *Pease* v. *Norton,* 6 Greenl., 200.

Though the bond be not a statute bond it is good at common law. *Morse* v. *Hodsdon,* 5 Mass., 314. The defendant in replevin may accept or reject such a bond. If he accepts, he has its full benefit ; if he rejects, he turns to the other remedy by an action of trespass against the plaintiff in replevin or the officer. *Merritt* v. *Lumbert,* 8 Maine,

129, and *Cady* v. *Eggleston*, 11 Mass., 283, where the bond was not repudiated. The choice of remedies is also decided in *Greely* v. *Currier*, 39 Maine, 517. See, also, *Shaw* v. *Tobias*, 3 Coms., 188.

As a defendant in replevin cannot waive the defects in the bond and afterwards reject it and quash the proceedings, so he cannot reject the bond by quashing the proceedings and afterwards accept it by recovering upon it. By repudiating the bond, he makes his election to pursue the common law remedy. No case can be found where the obligee has been permitted to do both. In all the cases, the conditions upon which a bond, that is not a statute bond, is made available to the defendant in replevin is, that he has waived the defects in the bond and accepted it as it was. If he accepts it, he accepts it as it is and for what it is, with all its defects; and, if by reason of its defects, he refuses to accept it, he rejects it as it is and for what it is. The acceptance or rejection is entire. The reason is well stated by C. J. Shaw,—" it was not such a bond as the plaintiff in replevin was bound to give, or the defendant was entitled to receive." *Clark* v. *Con. River Railroad Co.*, 6 Gray, 363. No reason can be given why a party declining to accept a bond offered for his benefit and thereby abating the writ and prosecuting the trial upon the merits, shall be permitted afterwards to accept and maintain a suit upon it. Killing the writ kills the bond, and the defendant cannot resurrect it. Hence the Court, in *Greely* v. *Currier*, *ubi supra*, in which the writ had been abated, on motion of defendant, because the bond was not a statute bond, decided that they could not hear testimony as to the ownership of the property, because, if such testimony were heard, " it would authorize a party to try a question of fact after the proceedings had been quashed, without a writ and without a bond ;" thus showing that the writ and bond are coëtaneous. After repudiation of the bond and the consequent abatement of the writ, the defendant in replevin can no more maintain an action upon it, than he could accept a proposal for a contract, which,

after he had rejected it, had been withdrawn. A defective replevin bond, until it is accepted by a waiver of all objection by neglecting to file a plea or motion in abatement, is nothing but a sealed proposal for a contract which the defendant may accept or reject; and the acceptance or rejection is final and conclusive.

*Woodman,* in reply.

Originally the plaintiff had two concurrent remedies; one by an action in tort for the value of the property; the other by claiming and obtaining judgment for a return, and, consequent thereupon, by a writ of return, a writ of reprisal, and an action on the bond. He elected the latter. Defendant in replevin might have trespass or judgment for a return, but not both. If he designed to have his remedy in trespass, he should not have had judgment for a return, but for costs only. The trespass became merged in the judgment for return. Having obtained judgment for return, he cannot be considered as waiving any of the means appropriate for the execution of such judgment, viz. :—a writ of return, writ of reprisal, and an action on the bond. All these were cognate remedies. Hence the present plaintiff never refused to accept the bond, never repudiated it, either expressly nor by implication; but, by electing not to take his remedy by an action in tort, but expressly electing to take his remedy by judgment for a return, he was, by necessary implication, entitled to all appropriate means for the execution of such judgment, among which is an action on the bond. Practically the last is the one we relied on.

APPLETON, C. J.—The city of Bath, one of the defendants in this suit, replevied from the plaintiff a quantity of wood attached by him, as a deputy sheriff, in suits against the Androscoggin Railroad Co. The bond given in the replevin suit was not in double value of the wood replevied. At the instance, and on the motion of the defendant in replevin seasonably filed, the writ was abated because the bond was not such as the statute requires. The then de-

fendant moved for a return, which was ordered, but the order of the Court not being complied with, he brings this action upon the replevin bond. The presiding Judge, when the cause came on for trial, for the purpose of presenting the questions of law arising upon the preceding facts, ruled that the action was not maintainable and nonsuited the plaintiff, to which exceptions were duly filed and allowed.

The authority of the officer to replevy and deliver goods is, by the terms of the writ as well as by the statute, conditional. If the bond, required alike by writ and statute, is not given, the officer is not justified in making service. *Moors* v. *Parker*, 3 Mass., 310; *Garlin* v. *Strickland*, 27 Maine, 443.

Though the bond may not be in accordance with the statute, the defendant in replevin may waive any variance from its requirements. He has a right to require a statute bond, but he may conclude not to require one. If he delays seasonably to take advantage of such defect by proper plea or motion, or pleads the general issue, he cannot afterwards take advantage of it. *Simonds* v. *Parker*, 1 Met., 508.

If the plaintiff in replevin fails to give the statute bond and the defendant neglects to abate the writ for that cause, the obligors in the bond are bound thereby. "But, if," remarks PARSONS, C. J., in *Morse* v. *Hodsdon*, 5 Mass., 314, "the plaintiff execute an informal bond voluntarily, and to obtain possession of the goods, and the officer thereupon deliver him the goods, the defendant in replevin may, if he please, accept the bond and pursue a remedy at law, upon it, against the obligors, unless the bond be void at common law or by statute." Although the statute requires two sureties in a replevin bond, the party for whose benefit it is taken may waive the objection that there is only one, and, if he does, the makers of the bond cannot resist a recovery on that ground. *Shaw* v. *Tobias*, 3 Coms., 188.

As the delivery of the bond is a condition precedent to the legal service by the officer, he may be treated as a

trespasser if he undertake to make service without the required bond. The remedy for the party from whose possession property has been thus illegally taken, is by action of trover or trespass *vi et armis* against the officer thus illegally replevying, and all ordering or coöperating with him in making such unauthorized service of the writ. *Garlin* v. *Strickland*, 27 Maine, 447. " Without the legal bond," observes PARSONS, C. J., in *Morse* v. *Hodsdon*, 5 Mass., 314, " the officer may be sued as a trespasser for taking the goods from the defendant in replevin, if he choose to consider him in that light, because the injunction of the writ is a condition not performed by the plaintiff in replevin."

The defendant, having quashed a replevin suit because the replevin bond was defective by reason of having but one surety, may move for a return of the property replevied and it will be ordered, if it shall appear that he is entitled to such return. *Greely* v. *Currier*, 39 Maine, 517 ; *Lowe* v. *Brigham*, 2 Allen, 429. Thus, when an action of replevin is brought in the wrong county and the writ is abated for that cause, a return will be ordered. *Collamore* v. *Page*, 35 Vt., 387.

It thus appears, that the defendant in replevin may abate the writ, when the bond is not in accordance with the statute—and that, upon his motion, a return will be ordered. So, he may, if he deem it expedient, bring an action of trespass against the officer for wrongfully intermeddling with his property, by seizing it without the required bond.

But he cannot have both remedies. He cannot have his judgment for a return, with all its incidents, and his action of trespass for taking the property thus ordered to be returned. He may elect either mode of redress and pursue it.

The original defendant in replevin having abated the suit against him and having obtained upon his motion an order for a return, which was not complied with, the inquiry arises whether he cannot avail himself of the bond, by virtue of which, though defective, the service was made.

The defendant in replevin may well insist that the writ and bond should be in conformity with the requirements of law. If the bond be defective, it is the fault of the plaintiff. The defendant may take advantage of any existing defect, whether in the bond or in the writ. The party neglecting to comply with the law cannot complain if advantage is taken of his non-compliance therewith. The defendant loses none of his rights by abating a process abatable through the neglect of his opponent. " We know of no ground," remarks STORRS, J., in *Fleet* v. *Lockwood*, 17 Conn., 233, " in which he is or ought to be precluded, by interposing this plea in abatement, from asserting his title. Indeed, it is difficult to imagine how, consistently with legal principles, the defendant by pleading in abatement to the regularity of the writ, can be deemed to waive any right, which he might have established, if the cause had gone to trial upon its merits."

The motion for a return assumes that the property has been taken upon a replevin writ, though defective by reason of a non-compliance with the statute and for that cause abated. The judgment for a return rendered, the writ of return and restitution follows, and, in case the officer holding it for service cannot find the property, then the writ of reprisal with its incidents may issue.

By R. S., 1857, c. 98, § 18, though the goods are not restored upon the writ of restitution or reprisal, the defendant is not precluded " from resorting to his remedy upon the replevin bond."

A replevin bond, with the usual condition, is broken by the withdrawal, of the writ of replevin from the hands of the officer, before the return day of the writ and the discontinuance of the suit. When the defendant in replevin is prevented from avowing his right and obtaining his judgment thereupon, by the act or fault of the plaintiff, as where the latter sues out a defective writ and the writ is abated or he becomes nonsuit, or discontinues the action, the defendant may have judgment of return, if the position of the

case in Court will permit it, or he may have his remedy on the replevin bond, for, in all such cases, there is a failure to prosecute. *Persse* v. *Watrous*, 30 Conn., 139. The case of *Sherry & al.* v. *Foresman*, 6 Blackf., 56, was debt upon a replevin bond. One of the pleas was, that the principal obligee was ready and willing to prosecute his writ of replevin with effect, but the Court, at the instance of the plaintiff, dismissed the cause for want of jurisdiction, on the ground of defects apparent on the face of the affidavit and the writ; that no damages were recovered in the writ of replevin, nor was a return ordered. In delivering their opinion, the Court say, — "The fifth and ninth plea are insufficient. There is no doubt that, if the Court in which the bond was taken had no jurisdiction of the subject matter, the bond would be void and the pleas on that ground be good. But there is not the slightest ground for saying that the Court had no jurisdiction of the replevin suit. It might just as well be contended that the Court had no jurisdiction in debt or assumpsit. It is contended that these pleas are valid because they show that the replevin suit was dismissed against the will of the plaintiffs in that suit, but such dismissal is no bar to the action. Foresman and Earl, (the original plaintiffs and present defendants,) were bound to obtain judgment in their replevin suit or be liable with their sureties in the replevin bond. They have failed to obtain such judgment; and the failure, whether it was owing to defects in their affidavit and writ, or to the want of a good declaration, or to their not having sufficient evidence to obtain a verdict, is a breach of the condition of the bond." If a person sues a writ of replevin for property taken on execution, and thereby has a delivery of the property, which writ is quashed as improvidently issued, the bond given for prosecuting the replevin writ with effect is valid, and the value of the property, not exceeding the execution by which it was seized, is the measure of damages. *Roman* v. *Stratton*, 2 Bibb, 199.

In *Lewis* v. *Warren*, pending in the county of Somerset,

the precise question here presented came before the Court for adjudication, and it was held, that an action could be maintained upon the replevin bond, notwithstanding the writ had been abated, because the bond did not comply with the statute in not being in double the amount of the property replevied. The bond was held good at common law.

The bond in the present case is good at common law. *Claggett* v. *Richards*, 45 N. H., 361; *Morse* v. *Hodsdon*, 5 Mass., 314.

The present defendants are estopped from pleading the invalidity of a bond, by means of which they were enabled to seize the property of this plaintiff. They were bound, before seizing it, to furnish the bond required by statute. It is their neglect that it was not done. For such neglect the writ was abated, as well it might be. The writ being abated, the present plaintiff had his option to bring trespass for the tortious taking of his property, or to have a return and restitution. He elected to have a return ordered. The order has not been complied with—his property has not been restored. By the express provisions of R. S., 1857, c. 98, § 18, he may, in such case, resort to his remedy upon the replevin bond. *Exceptions sustained.*

WALTON, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ. concurred.