JAMES B. HALL *vs.* RICHARD A. MONROE.

Piscataquis. Opinion January 3, 1882.

*Officer — liability of. Service of replevin writ. Bond.*

A sheriff who has seasonably served and returned a writ to the clerk's office, is not responsible for its not having been duly entered.

The sheriff is a trespasser, if in replevin he fails to take a bond in double the real value of the goods to be replevied, unless the defendant in the action shall have waived his right of action by resorting to the bond for his remedy, or in some other way.

The real value of the property is the test which is to govern, not that which the plaintiff may put upon it.

ON REPORT.

Trespass against a deputy sheriff for taking the plaintiff's horse. The deputy took the horse upon a replevin writ duly issued, with bond, against this plaintiff, in the name of one William W. Hall. After service the writ and bond were seasonably returned into the clerk's office and there remained, but the action was never entered upon any docket of the court. The question was whether the defendant is liable in this action, for the reason that the former action was never entered in court. Another question was whether the defendant is liable in this form of action if the bond was taken for less than double the value of the property replevied.

If the plaintiff can legally prevail upon either of these questions the action to stand for trial.

The replevin writ valued the property at fifty dollars. The bond was in the sum of one hundred dollars. The plaintiff contended that the property was worth seventy-five dollars which the defendant denied.

*C. A. Everett,* for the plaintiff.

*Young, I. W. Davis and Hudson,* for the defendant.

APPLETON, C. J. The sheriff having seasonably served and returned his writ to the clerk's office, is not responsible for its not having been duly entered.

The officer, before serving the writ, was required to take a bond "in double the value of the goods to be replevied," and "with sufficient sureties," R. S., c. 96, § 10. He is a trespasser if he fails to take such bond. If the bond is for less than double the value of the property, as in *Kimball* v. *True*, 34 Maine, 85, or if there be but one surety, as in *Greely* v. *Currier*, 39 Maine, 517, or the bond be running to the sheriff instead of the plaintiff, as in *Purple* v. *Purple*, 5 Pick. 226, the sheriff may be held in trespass for an unlawful seizure of the property, unless by resorting to his remedy under the bond, or in some other way, the defendant may have waived that mode of redress. *Tuck* v. *Moses*, 54 Maine, 115. Without the legal bond the officer replevying, is a trespasser. *Morse* v. *Hodsdon*, 5 Mass. 314.

The legal bond is in double the value of the property. It is not the value a plaintiff may put upon the property for the purpose of obtaining its possession by giving a bond, when the property may not be valued at a quarter of its actual value. The officer must see to it that property is not replevied at an insufficient valuation. In *Kimball* v. *True*, before cited, the property was undervalued, and the sheriff held responsible for such undervaluation, though the bond was in double the estimated value of the property in the writ.

When the action is entered, advantage must be seasonably taken of a defective or insufficient bond. *Douglass* v. *Gardner*, 63 Maine, 463.

*The case to stand for trial.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.