The opinion of the Court was delivered by
Parker, C. J.
This is an action of debt on bond; and the plaintiff has set forth in his declaration the bond and the condition, averring that the bond was lost by time and accident, (a) By the condition it appears that the bond was what is commonly called a replevin bond, having been given to secure the return of certain chattels, which had been attached as the property of one Joseph Goodwin, in a suit against him. A suit in replevin was instituted by the present defendant Eggleston, in which the chattels, attached as aforesaid, were taken and delivered to him; and this bond was made out by the attorney of Goodwin, the other defendant, at whose instance the replevin suit was commenced, bearing even date with the writ of replevin, and signed and sealed by him as surety, and returned with the writ into the clerk’s * office, [ * 285 ] without the signature of Eggleston. After the entry of the action, it was signed and sealed by him.
It has been contended, by the counsel for the defendants, that the bond is void and of no effect, because, as the writ of replevin is, by the terms of it, effectual only upon the giving of the bond uy the plaintiff in the suit with sureties, and as no such bond was given until many days after the writ was served, the whole process was void; and the sheriff, who had the custody of the goods upon the attachment, might have maintained trespass against the coroner, and those who instigated him to intermeddle with the property; and the motion for a new trial rests upon this objection. (b)
Although it is certain that a coroner cannot lawfully execute a writ of replevin, without taking bonds according to the provision in the form of the writ prescribed in the statute, (1) and although the defendant in replevin might, by plea in abatement or by motion, have avoided the process, yet we are of opinion that the plaintiff in replevin cannot himself set up this defence to defeat his own bond.
He has availed himself of it, so far as to have a trial upon the question of property ; and it would be strange imbecility in the law to permit him to set up his own fraud or negligence to discharge *262 him from the proper consequences of the suit. He suffered his name to be made use of to take out of the custody of the law property which did not belong to him, permitted the action to proceed to trial, and claimed the property until judgment was rendered against him.
When the bond was brought to him to be executed by him, he knew that it had been made some days before, and that it was applicable to a suit previously instituted. He is estopped to say that it was made on a day different from its date, and must be considered as having given force and effect to it on the day of the service of the writ of replevin. The verdict of the jury is confirmed; and judgment of forfeiture is to be entered accordingly; but the defendants may be heard in equity, (a)

 Taunton & S. B. Turnpike vs. Whitings 10 Mass. Rep. 327. — Walsh vs. Barrett, 15 Mass. Rep. 380. — Inhab. Orleans vs. Inhab. Chatham, 2 Pick. 29.—Davis & Ux. vs. Spooner, 3 Pick. 284. — Taunton Bank vs. Richardson, 5 Pick. 436. — Adams vs Leland, 7 Pick. 62. — Bogart vs. Brown, 5 Pick. 18.

 Moors vs. Parker & Al. 3 Mass. Rep. 310. — Morse vs. Hodson, 5 Mass. Rep. 314. — Purple vs. Purple & Al. 5 Pick. 226.

 Stat. 1789, c. 26.

 Arnold vs. Arnold, 8 Mass. Rep. 147. — Clap vs. Guild, 8 Mass. Rep. 153. — Chandler vs. Smith, 14 Mass. Rep. 313.