## MILLIKEN & als. *v.* COOMBS & als.

If the principal, in a letter of Attorney under seal, give it a false anterior date for the purpose of legalizing prior acts of the attorney, he is estopped to aver or prove that it was in fact executed at a subsequent period.

If an attorney, whose authority is by *parol*, execute a *bond* in the name of his principal, and *afterwards* he be regularly constituted by letter of Attorney bearing date *prior* to the bond, this is a subsequent ratification, and gives validity to the bond.

DEBT on an arbitration-bond, dated *March* 1, 1815. There were several issues in the case, among which was that of *non est factum.*

To prove this issue on their part the plaintiffs produced the bond declared on, which appeared to be executed by *James D. Wheaton* as the agent and attorney of the defendants, and to be made in virtue of a power given by the defendants to the at-torney, dated *January* 9, 1815. To prove the attorney's au-thority, the plaintiffs gave in evidence a written power of at-torney from the defendants to *Wheaton,* under seal, dated *Feb-*

*ruary* 1, 1815, but which, it appeared, was executed on or about *March* 16, 1815.

It further appeared that the arbitrators, after having given due notice, met and fully heard the parties *April* 19, 1815, on which day they made and published their award. Several of the defendants were present before the arbitrators at the trial, and they all appeared by their agent regularly constituted, who managed the cause on their part; but no objection was made by any person to the authority of *Wheaton* to enter into the submission in behalf of the defendants.

The counsel for the defendants objected to this evidence as insufficient to support the bond as their deed; and in support of this objection they gave in evidence a written power of attorney under seal, from eight of the defendants to *Wheaton* dated *January* 9, 1815, in which all the defendants' names were recited, but four of them never executed it. This power embraced the same subject matter as the power dated *February* 1.

The Judge overruled this objection, and thereupon a verdict was returned for the plaintiffs, subject to the opinion of the whole Court upon the facts above stated.

*Orr* and *Thayer*, for the defendants, contended that the attendance of the defendants before the arbitrators could not avail to give validity to the bond, however it might operate to confirm an authority *in pais*. Here the power must be proved by deed, because the agent assumed to bind his principals by deed, at the time of the execution of which he had no authority. His act was *completed* before he was legally made the attorney of the defendants; and no power existing *at that time* to bind them, it is not their deed.

*Greenleaf* and *Wheeler*, for the plaintiffs, argued that the execution of the power on the *sixteenth* of *March*, bearing date *February* 1, was to be considered as a ratification, under seal, of all acts done by the agent pursuant to the tenor of the power, since *February* 1, agreeably to the maxim *omnis ratihabitio*, &c. *Cady v. Eggleston*, 11 *Mass*. 282.

WESTON J. delivered the opinion of the Court as follows:

The only question in this case arises from the objection made to the sufficiency of the power of attorney, under the

Milliken v. Coombs.

authority of which the arbitration bond was executed. It is urged that the power recited in the bond being described as bearing date *January* 9, 1815, that which was produced in evidence by the plaintiffs, bearing date *February* 1, 1815, can have no tendency to give effect to the bond; and this position is further attempted to be supported on the part of the defendants, by the production of a power of attorney, corresponding exactly in date with that recited in the bond, but which, though it purports to be the power of all the defendants, eight in number, was in fact executed by only four of them.

It may be convenient *first* to consider, whether if there had been no instrument of *January*, that of *February* could be received to support the bond, and *secondly*, if so, whether it is rendered inadmissible by the existence of the former power.

To give effect to the bond, as against the principals, it was only necessary that the attorney should have had in fact a sufficient power from them; its date was entirely unimportant, except that it should appear to be anterior to the execution of the bond. The production therefore of the power of *February*, being of a prior date, proved the material fact recited in the bond. This sufficiently supported the authority the attorney claimed to exercise; and justified the execution of the bond in behalf of his principals. That he possessed a power was all that it was necessary for him to set forth in the bond, and the insertion of its date was altogether gratuitous and unnecessary. A misrecital in this particular, accidental or designed, cannot be permitted to vitiate the proceedings, and to dissolve an obligation which the principals had undertaken through the agency of an attorney, who was in fact duly and legally authorized. Even in the conveyance of real estate, that the intent of the parties may prevail, some particulars in the description in the deed, not essential to ascertain the estate conveyed, inconsistent with others which are essential, may be rejected and will not be permitted to defeat the general intent of the parties. *Worthington et al. v. Hylyer et al.* 4 *Mass.* 196.

But shall the existence of the instrument of *January* render that of *February* inadmissible ; the former and not the latter date being recited in the bond ? Had that of *January* been executed by all the principals, according to its purport, there could be

no question that it must have been deemed to be the power intended in the recital in the bond. But although it corresponds to the recital in one particular, namely, as to its date, it varies from it in an another, altogether essential, it not being executed by *all* the principals, which is the power set forth and recited. The unexecuted power therefore of *January*, must be altogether rejected, varying both in form and substance from that recited; and that of *February*, which was the effectual and valid power, must be deemed to be that intended by the parties in the bond of arbitration. Indeed by the execution of the new power, the parties appear to have abandoned that of *January*, which had not been completed according to its terms.

It is further contended that the power relied upon, not having been executed until after the date and delivery of the bond, can give no validity to that instrument. The power was executed prior to the meeting of the arbitrators, and there can be no doubt that it was antedated, that it might appear as a subsisting power at the time of the execution of the bond; and that the principals might thereby be concluded from questioning the authority of their attorney. In this point of view the date becomes material, and must have been so considered by the parties. The defendants are therefore estopped by their deed to aver or to prove that it was in fact executed at a subsequent period. In the case of *Cady v. Eggleston et al.* 11 *Mass.* 282. cited by the counsel for the plaintiffs, which was debt upon a replevin-bond, which bore date at the time of the service of the writ, but was not in fact executed by *Eggleston*, the principal, until after the entry of the replevin suit, *Parker C. J.* in delivering the opinion of the Court observes, speaking of the bond executed by *Eggleston* the principal, " he is estopped to say that it was made on a day different from its date, and must be considered as having given force and effect to it on the day of the service of the writ of replevin." The analogy in this particular between the case cited and the case at bar, is very striking.

But if the defendants are not estopped from shewing the true time of the execution of their power, it may well be considered a confirmation of the authority assumed by their attorney; it being very apparent that the power was antedated that it might have that effect. That a subsequent assent is tantamount to a

Milliken *v.* Coombs.

precedent authority, is a familiar and well settled principle as to all acts done for another, in which a parol power only is necessary. There seems to be no good reason why the same principle should not be extended to cases in which an authority under seal is essential, provided the subsequent assent or recognition be proved by an instrument of equal solemnity, and provided, as in this case, it be dated back to a period anterior to the execution of the deed or obligation, it is intended to ratify.

The defendants having first authorized their attorney to submit the matters in controversy between the parties to arbitration, with a full knowledge that this had been done, were present, either in person or by their agent, at the hearing before the arbitrators, managing and conducting the business, and making no objection to their authority. Had the result been in their favour, the plaintiffs must have been bound by it; and we can discern no reason, either in law or equity, why the defendants should not be equally bound. Judgment must therefore be entered upon the verdict.