GUSTAVUS G. CUSHMAN *versus* GEORGE WAITE & *al.*

The conditions of the bond, given under the provisions of the St. 1835, c. 195, § 8, to liberate a debtor arrested on an execution from imprisonment, should require performance within six months *from the time of the arrest or imprisonment.*

If the bond given by a debtor to procure his release from arrest on an execution, recites the day of arrest, and bears date on the same day, the debtor and his sureties are bound by the date of the bond and recital of the day of arrest. Parol evidence is therefore inadmissible to show that the bond was in fact executed on a subsequent day.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Debt on a poor debtor's bond in the penal sum of $66,72, being double the amount of the debt and costs without interest, dated April 15, 1837. In the condition of the bond, it was recited, "that whereas the said George Waite hath been and now is arrested by John Tobin, a deputy sheriff in the said county of Penobscot, by virtue of an execution issued against him on a judgment," &c. After describing the time when judgment was rendered, and the amount thereof, the condition stated. that, "if the said Waite shall in six months from the time of executing this bond cite the said Cushman, the creditor," &c; The execution, referred .to in the bond, had the following return thereon. "Penobscot, ss. April 15, 1837. By virtue of the within execution I have arrested the within named Waite, and he gave an approved bond, which bond I return annexed to this execution. John Tobin, deputy sheriff." The approval of the justices was also dated April 15, 1837. At the trial, the plaintiff called John Tobin, the subscribing witness to the bond, In the language of the exceptions, "On his cross-examination the defendants offered to prove, that there was a mistake in the date of the bond; that it was executed on or after the 22d day of May, 1837; and that there was a performance of its condition within six months from the said 22d day of May. To the admission of this evidence the plaintiff objected, and the Court excluded it. To which ruling of the Court the defendants except.

*Rowe,* for the defendants, contended that as the condition of the bond was to be performed within six months *from the time of executing this bond,* the defendants should have been permitted to cross-examine the subscribing witness to the bond, to prove the time of its execution. 2 Saund. Pl. & Ev. 97 ; 3 Stark. Ev. 1047 ; 4 B. & Cr. 272 ; 6 D. & Ry. 329.

An officer's return is not conclusive as to collateral matter. It was no part of his duty to return the date of the bond, if he had attempted it. An officer's statement of facts on a precept, is not conclusive nor even competent evidence, as a return, excepting where he is in the performance of official duty. *Boynton* v. *Willard,* 10 Pick. 166 ; *Bott* v. *Burnell,* 11 Mass. R. 163 ; *Weld* v. *Bartlett,* 10 Mass. R. 470 ; 4 Burr. 2129 ; 1 Phil. Ev. 312.

This bond was not taken for double the amount of debt, costs, and interest on the debt, as the statute requires. It is but a common law bond, and the plaintiff could recover but the damages actually sustained. The evidence excluded was admissible to show that the damages should be but nominal. St. 1835, c. 195, § 8 ; *Clapp* v. *Cofran,* 7 Mass. R. 101 ; *Freeman* v. *Davis,* ib. 200 ; *Winthrop* v. *Dockendorff,* 3 Greenl. 161.

*G. G. Cushman, pro se,* contended that the return of the officer was made in the proper discharge of his duty, and was conclusive in this case as to the time of the execution of the bond.

He also insisted that the defendants were estopped by their own acts from denying the execution of the bond on the fifteenth of April. If they chose to date their bond back to the time of the arrest, they are bound by the date. Otherwise it would operate as a fraud upon the plaintiff. The bond recites, that the arrest was made on that day, and that the bond was given to procure the release of the debtor, and the defendants are estopped to deny the truth of the recitals. *Milliken* v. *Coombs,* 1 Greenl. 346 ; *Cady* v. *Eggleston,* 11 Mass. R.

282; *Cordis* v. *Sager*, 2 Shepl. 477; *Dryden* v. *Jepherson*, 18 Pick. 386; *Fullerton* v. *Harris*, 8 Greenl. 198.

But the evidence was properly excluded on another ground. It was wholly immaterial. Performance was to be made within six months from the date, and not within six months from the time they put their names to the paper.

The opinion of the Court was drawn up by

SHEPLEY J. — The bond on which this suit is brought, bears date on the 15th of April, 1837; and the approval required by the statute is of the same date. It recites that "George Waite hath been and now is arrested," on the execution of the plaintiff against him. And it provides, "if the said Waite. shall in six months from the time of executing this bond cite the said Cushman, the creditor," and submit himself to examination and take the oath as required by law, the obligation shall be void. The officer has returned on the execution, that he arrested Waite on execution on the same 15th of April, and that he gave an approved bond, which he returned with the execution.

The defendants offered to prove by the subscribing witness, that there was a mistake in the date of the bond, that it was executed on or after the 22d of May, 1837; and that there was a performance of its condition within six months from the said 22d of May. The proof that it was executed on the 22d of May, would not have shown, that the arrest was not made on that day. The recital of that fact in the bond only, and not the return of the officer would have been affected by it. The return of the officer would have still continued to be evidence of that fact, and there would be nothing to contradict it.

The statute, 1835, c. 195, § 8, provides, that, when the debtor is arrested or imprisoned on execution, he may give a bond conditioned, that in six months he will cite the creditor. That is in six months from such arrest or imprisonment. The bond was given as a compliance with the requirements of the statute, and it recites the arrest to be on the day, on which the return of the officer declares it to have been made. And this

is a material fact, as from it both by the terms of the statute and the condition of the bond performance is to be made within six months.

In *Cady* v. *Eggleston*, 11 Mass. R. 282, where the plaintiff in replevin gave a bond of like date, reciting, that he had sued out a writ of replevin, and did not sign it until the return day of the writ, it was decided that he was "estopped to say, that it was made on a day different from its date, and must be considered as having given force and effect to it on the day of the service of the writ of replevin." So here by reciting the day of arrest and dating it on that day the defendants must be considered as having given force and effect to it on that day.

In *Milliken* v. *Coombs*, 1 Greenl. 343, the date of the arbitration bond, signed by an attorney, was March 1, 1815. The only effectual power was dated on February 1, 1815, and was executed in fact on or about the 16th of March, 1815, after the date of the bond. The Court concluded, that it was antedated, "that it might appear as a subsisting power at the time of the execution of the bond; and that the principals might thereby be concluded from questioning the authority of their attorney.

In this point of view, the date becomes material, and must have been so considered by the parties. The defendants are therefore estopped by their deed to aver or prove, that it was in fact executed at a subsequent period." In *Styles* v. *Wardle*, 4 B. & C. 908, the date of a lease for 97 years, was on the 24th of December, 1822. And the lessor covenanted in it, that within twenty-four calendar months after the date he would procure one R. B. to take a lease of the premises for twenty-one years at a certain rent; and failing to do so would within one calendar month after the end of the twenty-four pay a certain sum of money. The defendant pleaded, that the lease was in fact executed on the eighth of April, 1823, and that twenty-five calendar months had not elapsed. There was a demurrer and joinder. Bayley J. said, "I consider, that a party executing a deed agrees, that the day therein mentioned shall be the date for the purposes of computation."

Cushman v. Waite.

And the court rendered a judgment for the plaintiff.

According to these cases, the testimony excluded could not have varied the rights of the parties, and it might therefore properly be excluded.

The explanation of the difference in dates, between those stated in the bond and in the return of the officer on the execution, and that offered to be proved as the execution of the bond, may probably be found in an arrangement made between the officer and the debtor for their mutual accommodation. The officer might call upon the debtor and inform him, that he must pay, or be arrested and imprisoned, unless he gave a bond. The debtor might inform the officer, that he could not pay, and was desirous of being at liberty to apply to his friends and obtain a bond. The officer might assent to it on condition that he should consider himself as arrested on that day, and procure a bond bearing that date, to be executed and brought to him. To this the debtor might assent, and procure the bond accordingly as soon as he conveniently could, and present it to the officer; and all the papers would bear date as had been arranged. If this should be considered the proper solution, the result would be justly the same, as that to which the decided cases have come. For it would be apparent, that it was the intention of all parties, that the computation should be made from the date named in the bond, and not from the date of the execution of it. And having agreed, that the computation should be so made, they would be bound by it.

*Exceptions overruled.*