Waterman *v.* Dockray.

---

JOHN A. WATERMAN, *Judge of Probate, versus* JAMES R. DOCKRAY *& al.*

If, in debt on a probate bond, the plaintiff alleges the accidental destruction of the bond, he must set out the substance of its condition in his declaration.

ON EXCEPTIONS.

DEBT, against James R. Dockray and John Farrington, for that defendants and one Eben McLellan, since deceased, and whom defendants have survived, on July 6, 1861, at said Portland, by their writing obligatory of that date, the same being a probate bond, then and there given by said Dockray, Farrington and McLellan, for the benefit of the estate of one Thomas McLellan, then deceased, and which said writing obligatory has been destroyed by fire, and therefore cannot here in Court be produced, acknowledged themselves indebted in the sum of ten thousand dollars to the said William G. Barrows, Esq., then Judge of Probate of wills, and for granting administration within said county, to be paid to the said Barrows or his successors in said office. And the said Waterman being then and there the successor of said Barrows, in said office, and Judge of Probate, as aforesaid, at a term of the Court of Probate, held at Portland, within and for said county of Cumberland, on the third Tuesday of March current and instant, by his decree and order of that date, did expressly authorize William L. Putnam, of said Portland, administrator *de bonis non,* with the

will annexed of said Thomas McLellan, deceased, said Putnam being then and there a party in said estate, and said bond, to commence this suit for the benefit of said estate, and this writ is sued out by said Putnam in the name of said Waterman, Judge of Probate of Cumberland county.

The defendant Dockray pleaded *non est factum,* which was joined, and also performance as follows : —

And for further plea, by leave of Court, pleaded, the said Dockray says, that the plaintiff his action aforesaid against him, ought not to have and maintain, because, he says, that the said Eben McLellan, from the time of the making of said writing obligatory, well and truly kept and performed all the covenants and conditions therein on his part to be kept and performed, according to the form and effect of said writing obligatory. And this he is ready to verify, wherefore he prays judgment, if the plaintiff his action aforesaid against him ought to have or maintain, and for his costs.

To which the plaintiff replied : —

And the said John A. Waterman, as to the said plea of said Dockray, by him secondly above pleaded, says that he, said Waterman, by reason of anything in that plea alleged, ought not to be barred from having and maintaining his aforesaid action against said defendant, because, he says, that said Eben McLellan, from the time of the making of said writing obligatory, did not well and truly keep and perform all the conditions thereof according to the form and effect of said writing obligatory, in that, though on divers days and times between the making of said writing obligatory, and the day of the purchase of this said writ, said Eben McLellan did receive into the possession of him, said Eben McLellan, in his said capacity as executor, large amounts of goods, chattels, rights and credits of said testator, which ought by law to have been administered before the purchase of this writ by him, said Eben McLellan, in his said capacity, to wit, of the value of ten thousand dollars ; yet the said Eben did not administer the same according to law and

to the will of said testator. And this he is ready to verify. Wherefore he prays judgment for his debt aforesaid and his writ.

To which the defendant demurred; and for causes of demurrer in law to the said replication, the said Dockray states and shows to the Court here, that the said plaintiff has not and does not in and by his said replication set forth and state with particularity and precision the breach of condition by said Eben McLellan, in their said writing obligatory, and the particular items thereof, and the assignment of a breach of said writing obligatory, and the condition thereof in the plaintiff's said replication is insufficient and defective in law, in particularity and precision, and also that the said replication is in other respects uncertain, informal and insufficient.

And the plaintiff joined the demurrer.

The presiding Judge sustained the demurrer, and the plaintiff alleged exceptions.

*W. L. Putnam,* for the plaintiff, cited *P. M. Gen.* v. *Cochrane,* 2 Johns., 413; *U. S.* v. *Arthur,* 5 Cranch, 257; 1 Saunders, 9, n. 1; 2 Saunders, 409, n. 2; *Bailey* v. *Rogers,* 1 Maine, 194; 1 Chit. Pl., 326; *Cornwallis* v. *Savory,* 2 Bar., 772; Story's Pl., 230 and note; 6 Chit. Pl., 330, 624, 657–8 and 671; *People* v. *Dunlap,* 13 Johns., 437.

*J. & E. M. Rand,* for the defendants, cited 1 Chit. Pl., 585, and cases cited.

KENT, J. — One thing is certain, — the pleadings, including the declaration, do not present any intelligible or distinct issue, except the general issue, which denies the execution of the bond declared upon.

The declaration sets forth that the defendants executed a probate bond to the Judge of Probate, in the sum of ten thousand dollars, but makes no profert of the same, and sets out none of the conditions. It, however, gives an excuse or reason for not making profert in Court of the whole instrument, — that it has been destroyed by fire. To this

declaration one of the defendants pleads *non est factum*, and, by leave of Court, a special plea in bar, setting forth that one of the signers has kept and performed " all the covenants and conditions therein on his part to be kept and performed, according to the form and effect of the said writing obligatory." He does not, in this plea, set out any of the conditions and covenants of the bond, but speaks of it inferentially as containing such conditions. He does not allege performance by all, or performance by either, of all the conditions, but only that one of the obligees, McLellan, has kept and performed the conditions on his part to be kept and performed. This is pleaded by Dockray. It is not alleged in the writ or declaration that this one was principal and the others sureties, or that he was executor. To this plea the plaintiff replies, that the said McLellan did not keep and perform all the conditions according to the form and effect of said writing obligatory, — and then assigns for breach, that McLellan had received into his hands, in his capacity of executor, large amounts of goods, chattels, rights and credits, of said testator, which ought to have been administered in his " said capacity, to wit, to the value of ten thousand dollars. Yet he did not administer the same according to law and to the will of the testator."

In this replication we do not find any statement of the conditions of the bond, nor that it was given by any one as executor of the will of any person deceased, naming him. The breach is stated generally, without specification of the particular breach or breaches. To this replication the defendant Dockray demurs, and for special cause says, that the breach of condition by McLellan is not stated with particularity and precision. The plaintiff joins in the demurrer.

On this review of the pleadings, it is manifest that the Court has nothing from which it can determine the questions apparently intended to be raised. The great defect is, that neither party has stated or set forth in substance, the conditions of the bond. It is said in the declaration,

Waterman *v.* Dockray.

that it is a "probate bond" given for the benefit of the estate of Thomas McLellan, deceased. It is not stated for what particular "benefit" it was given, nor even that it was the bond of an executor or administrator. That it was a bond on condition is undoubted, as it was given to the Judge in his official capacity, — and all such bonds are with a condition, — as provided by statute. But what is the condition, or matters to be done or performed? How can there be intelligent action by Court or jury, in determining the rights of the parties under these pleadings?

The real controversy seems to be, on which party is the duty of setting out the condition? Both parties refer in the plea and replication to " conditions," but neither tells us what they are.

Usually, there is no difficulty in such actions on bonds. The plaintiff declares on the penal part of the bond and makes profert of the whole instrument. The defendant prays oyer of the condition and has it set out to him, and he then pleads performance, or any other admissible plea. If he pleads performance, the plaintiff replies, assigning. and setting forth the particular breach or breaches, and thus a distinct issue is made.

As a general rule, the plaintiff is bound to make a *profert in curia.* It is the right of the defendant to have the condition read to him, and made part of the record and really of the plaintiff's writ. But the law, from necessity, has qualified this rule in a few cases. It was determined in *Lyfield's* case, 10 Co. 92, A, that where a deed is lost by fire, *profert* of the deed pleaded may be dispensed with. Otherwise, a party might lose his bond or his debt by the destruction of the paper on which the deed or contract was written. It is well settled, in this State and elsewhere, that the destruction of a title deed does not divest the grantee of his title. The existence of a deed, accidentally destroyed, may be proved by parol, or by copy identified. Now, what is the meaning of a profert? It means that the original deed or bond, with the parchment or paper on

which it is was written, must be produced or offered. But, if destroyed, that identical paper cannot be produced. If accidentally destroyed by fire, the rule is relaxed, and the profert or offer to bring that original paper is dispensed with. This is an exception in favor of the holder that he may not lose his rights by his misfortune. But it is not to be extended beyond the necessity. He is not bound to make profert of the paper itself, but he cannot therefore insist upon the penal part of the bond alone, and prevent the obligor from availing himself of the conditions. When the obligee has the bond, and can and does make a profert of it, the obligor can, by craving oyer, have the whole set out. But if the plaintiff, for a good reason, says he cannot produce it, how do the parties stand? The actual controversy is whether the conditions have been performed. How shall that issue be made before the Court? Common sense would say that, as the bond itself cannot be produced, the plaintiff should do the next best thing, and, in lieu of the profert, should set out in his declaration the substance of the condition, which, if he had made profert, he would have been bound to read to the defendant and spread upon the record. He surely cannot be in a better condition by the burning up of his deed or bond than he would have been in had he produced the whole instrument. He cannot describe a bond, which he identifies as necessarily one with a condition, and excuse a profert, and then declare only on the penal part, and call upon the other party to set forth the condition, and, if he cannot do so, recover on the penal part alone. The *onus probandi* is upon a plaintiff to prove his contract or bond, as he has set it out. The law of pleading has another general rule, that it is necessary to set out in a declaration, in covenant, any and all conditions and qualifications, and any exceptions in assumpsit. *Horsefall* v. *Testar*, 7 Taunt., 388; *Harvey* v. *Richards*, 1 H. Bl., 644; *Latham* v. *Rutley*, 2 B. & C., 20.

The same would be required in an action on a bond, with a defeasance or condition, except that by a technical rule of

pleading, the same thing is reached by a profert of the whole instrument. In the latter case a different mode is adopted, but with no design to relieve the plaintiff from presenting and proving his whole case. When he cannot make profert, he cannot avail himself of the benefit of a profert, but must substitute for it a statement of what he would otherwise have read upon oyer, and thus place the defendant, in substance, in the same condition as if he made a profert. This seems to be a reasonable and just and practical rule.

In looking at the authorities, we find one case, *Read* v. *Brookman*, 3 T. R., 150, which seems to have been understood by some as sanctioning the doctrine, that where a profert is dispensed with, the party pleading need offer no substitute. That was a case where the instrument lost and pleaded was not the foundation or ground of action, but introduced in defence. This case has been doubted, if not denied, by the subsequent decision. *Hendy* v. *Stephenson*, 10 East, 55. It is there said, that *Read* v. *Brookman*, "went a step beyond any before it, and without saying it should be retraced, we ought not to go a step further." The rule as stated in *Hendy* v. *Stephenson*, is, "if the deed itself cannot be produced, it may be equitable to permit the substance of it to be substituted in place of it in pleading, but still it must be substantiated in the material terms of it, so that the Court may see what the grant really was. If not thus allowed no issue can be taken." GROSE, J., said he never agreed to the decision in *Read* v. *Brookman*. See also 6 Ves., 12, n. 6. In *Cady* v. *Eggleston*, 11 Mass., 282, the declaration contained the whole bond, and the pleadings were conformed to it. No question was made as to the point now in controversy.

The Court in New Hampshire had the precise question before it in *Rand* v. *Rand*, 4 N. H., 267. It was held, after very full and able arguments, that in debt on bond, with a condition, if the plaintiff alleges that the bond is lost by time and accident, he must set out the substance of

the condition in his declaration. This is a direct authority on the point, and seems to be sustained by reason and authority. We concur in this view.

The pleadings before us conclude with a demurrer to the replication. Where there are errors on both sides in the pleadings, we are inclined to adopt the old rule of seeking for the first fault. We find it in the declaration. We therefore sustain the demurrer by defendant, with leave to the plaintiff to move to amend his declaration, and to the defendant to amend his pleadings. In short, to replead, including the declaration.

We are not called upon to determine finally upon the proper form of pleading to be adopted, beyond what we have indicated. When the issues are made up we must pass upon them. As the parties, however, have argued various points and desire some intimations from the Court for their guidance, we will say that our present impression is, that, when the conditions of a lost bond are set forth in the declaration, under the general issue the defendant may require evidence of the execution of the bond, and also that the contents or condition are correctly set forth. They must be proved, if denied, substantially as alleged. Both are issuable facts. After this, we see no reason why the usual rules of pleading as to the breaches do not apply. Whether the same fire that destroyed the bond also destroyed papers, accounts or vouchers, or other matters essential to enable the plaintiff to set forth the breaches with the particularity and precision usually required, we are not informed. How far any such facts, or any peculiar circumstances in this case, can avail, if pleaded and duly set forth, to excuse omissions or be held sufficient assignment of breaches, we can only determine when presented to us. The general doctrines set forth in this opinion, may, perhaps, have some bearing as to the requirements where papers or evidence are accidentally lost or destroyed.

The entry in this case must be—Exceptions overruled.

Demurrer by defendant sustained, with leave to plaintiff

to move to amend his declaration, and with leave to defendant to move to amend his pleadings, after such amendment.

WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.