WILLIAM M. HICKLIN ET AL., PLAINTIFFS IN ERROR, V. THE NEBRASKA CITY NATIONAL BANK, DEFENDANT IN ERROR.

1. **Practice:** SUBSTITUTION OF PARTIES DEFENDANT. Section 50 of the code of civil procedure authorizes the court in certain cases and under certain circumstances to substitute the real party in interest as defendant in the *action*. But this authority must be exercised, if at all, before final judgment, for afterwards the court has no power to make such an order.

2. ———: PLEADING: PLAINTIFF'S INTEREST MUST AFFIRMA-TIVELY APPEAR IN THE PETITION. Where an action is brought on a written instrument by one not a nominal party to it—for example, an undertaking in replevin—in order to maintain the suit his interest therein must be made to appear affirmatively by proper allegations in the petition.

3. **Undertaking in Replevin:** OMISSIONS DO NOT VITIATE WHAT IT ACTUALLY CONTAINS. An undertaking in replevin in which is omitted the provisions to "return the property to the defendant, in case judgment for a return of such property is rendered against him," but containing all the other statutory provisions, cannot for that reason be avoided by the parties signing it, but, so far as it goes, creates a binding obligation and may be enforced against them.

ON the fifteenth day of September, 1874, the Nebraska City National Bank obtained a judgment in the district court of Otoe county against Thomas H. Adams, Wesley Conner, and J. Gordon Conner, and on the twenty-second of October following, caused execution to be issued and levied upon certain personal property in possession of Thomas H. Adams. Adams then brought suit to restrain a sale under the levy, alleging in substance that he was not the owner of the property, but only a mortgagee thereof. The district court dismissed the action, and upon a review of the case here its judgment was affirmed. 4 Neb., 370. Adams then brought an action, gave bond with Hicklin and others

as sureties, and replevied the property from the sheriff. Upon a trial judgment was rendered against him, and *this* action was afterwards brought by the bank—which had been substituted by order of the court as defendant in place of the sheriff—upon the undertaking in replevin. Judgment below in favor of the bank and cause brought up by the sureties upon a petition in error.

*G. B. Scofield,* and *Stevenson & Hayward,* for plaintiffs in error.

There is no replevin bond sued on this case as required by law. *Sexson v. Kelly,* 3 Neb., 105. Gen. Stat., 553. The court, when the bond was taken, had no jurisdiction of that case. *Garrett v. Woods,* 3 Kan., 231. There is no judgment against the defendant in the replevin suit. The pretended judgment is not such as the statutes of Nebraska require it to be. Gen. Stat., 713. *Hall v. Jeness,* 6 Kan., 357, and cases there cited. *Hooker v. Hammill,* 7 Neb., 231.

*E. F. Warren,* for defendant in error.

1. In an action upon a replevin bond, the fact that the defendant had commenced his action before a tribunal incompetent to try the matter in dispute is no defense, and the plea, that the title to the property replevied was in him, is bad. *McDermatt v. Isbell,* 4 Cal., 113. *Bates v. Williams,* 43 Ill., 494.

2. It is no defense to the surety in a suit against him on the replevin bond, that an erroneous judgment has been rendered against his principal. In this case the judgment was for the value of the goods, instead of for a return as it should have been. *Mason v. Richards,* 12 Iowa, 73.

3. When a person replevies property, executes an undertaking, and has a delivery of property to him, and the writ of replevin is afterwards quashed as having issued improperly, the plaintiff in replevin and his sureties are liable upon the bond. *Raman v. Shatton*, 2 Bibb (Ky.), 199.

4. Though there be no award of a return of the property, yet if the plaintiff in replevin do not succeed the condition of the bond is broken. *Brown v. Parker*, 5 Blackf., 291. *Gibbs v. Bartlett*, 2 Watts, 29.

LAKE, J.

The bill of exceptions containing the testimony and questions decided during the trial having been quashed on motion of the defendant in error, the main question left for consideration is, whether the petition states facts sufficient to constitute a cause of action. This question was distinctly raised by demurrer in the court below, and there decided in the affirmative.

As shown by the petition, the action was brought on an undertaking executed by the defendants below to Frank M. Farber, as sheriff of Otoe county, in a certain replevin suit, brought before a justice of the peace by Thomas H. Adams against said Farber, to recover the possession of a quantity of personal property held by him under an execution. On the giving of this undertaking the property was delivered to Adams, who disposed of it to his own use.

On the return of the order of replevin, it appearing from the appraisement that the property taken under it was of the value of over one hundred dollars, the justice duly certified the case to the district court as the statute directs, where such proceedings were afterwards had as resulted in a judgment in favor of Farber for $563.10, the value of the goods, and damages,

32

as returned by a jury, and costs taxed at $38.90.   It is not alleged that the defendant in error (plaintiff below) had any interest in the execution under which the sheriff was in possession of this property.   After showing the recovery of the judgment by Farber in the replevin case, it is alleged in the petition, "that such proceedings were afterwards had in said cause, that this plaintiff was, by the order and judgment of said court, substituted in the place and stead of the said Frank M. Farber, sheriff as aforesaid, as defendant in said action; and it was by said court ordered that all rights and benefits under said judgment should accrue to this plaintiff, and that execution should issue in the name and for the benefit of this said plaintiff upon said judgment, so as aforesaid recovered by said Farber against the said Thomas H. Adams."

There is thus set out at length the fact, not only of the substitution of a person as party defendant who is not shown to have been at all interested in the matter in controversy, but this after the complete determination of the action by the rendition of a final judgment. Had the court, which is one of general jurisdiction, the power to do this?

Section 50 of the code of civil procedure provides that: "In an action against a sheriff or other officer, for the recovery of property taken under an execution, and replevied by the plaintiff in such action, the court may, upon the application of the defendant, and of the party in whose favor the execution issued, permit the latter to be substituted as the defendant, security for the costs being given."   It is evident from the language here employed that the sole object of this provision was to relieve the officer from whom property so held by him has been replevied, with the assent of the execution creditor, from the trouble and expense of making a defense to the action, and to place that

matter within the control entirely of the real party in interest.

But where and when is this change of parties to be made? The language of the section is "in an action;" not after a trial has been had, and a final judgment—which is the object and end of an action—has been rendered. "A judgment," says the code (Sec. 428) "is the final determination of the rights of the parties in an action." When the judgment is finally entered the rights of the parties to it are fixed, and the power of the court over it in that action is ended, except for the purposes provided for in other sections of the code. Section 602 confers upon courts the power to vacate or modify their own judgments and orders, and points out specifically how, and for what causes, this power may be exercised. But this section does not empower the court to do what this petition shows was here attempted, viz.: arbitrarily to substitute a stranger to the proceedings as a party defendant in the judgment after its rendition. We are of opinion that the court had not the power it assumed to exercise in this instance, and that the order of substitution conferred no rights whatever upon the defendant in error.

But even if we were to hold otherwise, and that the order of substitution actually conferred all the rights upon the bank which it in terms assumes to confer, still the defendant in error could not maintain its action on the undertaking. The order was, "that all rights and benefits under said judgment," should accrue to said bank, and that execution should issue in its name, and for its "use and benefit." Its rights thus attempted to be fixed were limited to the judgment and execution; as to the undertaking the order was silent. Of course they were no greater, nor less, than they already were without it. This being so, and there being no allegation of an assignment of the undertak-

ing by Farber to the bank, it is not shown that it has such an interest as will support an action at law upon it. The undertaking in question was given to said Farber as sheriff. It was nominally and legally for his benefit as such officer, and without doubt he could have maintained an action upon it. It is true also that if the defendent in error were the real party in interest in the execution under which the sheriff held the goods when they were replevied, it would have an interest—not a legal, but an equitable interest—which the law would protect in a proper action. Section 29 of the code of civil procedure provides that: "Every action must be prosecuted in the name of the real party in interest, except as provided in section 32." Looking, however, to the petition we fail to see that the defendant in error has any interest whatever in the subject of the action, but on the contrary, we do discover that said Farber as sheriff, the person to whom it was given, was, and for aught that is pleaded is still, the real party in interest.

It is also urged on behalf of the plaintiff in error, that in no event can an action be maintained on this instrument for the reason that one important condition of a perfect statutory undertaking in replevin under our law is omitted, viz.: that which requires the plaintiff "to return the property to the defendant in case judgment for a return of such property is rendered against him." But this objection to the undertaking is untenable. Except in this omission it conforms to all the requirements of the statute, and we are of opinion that, so far as it goes, it creates a binding obligation on those who signed it. While the defendant in the replevin suit, for whose benefit the undertaking was required, might have objected to it at the proper time, he did not see fit to do so, but accepted it as a satisfactory security for the property taken. Under it the plaintiff

acquired the possession of the goods, and it would be rank injustice to permit the parties signing it to escape liability simply because it is less severe in its conditions than the defendant, under the statute, might have insisted upon. It is enough to know that reason and the authorities are the other way. *Shaw et al v. Tobias,* 3 N. Y., 188. *Claggett v. Richards,* 45 N. H., 360. *DeBow v. McClary et al.,* 13 *McCord,* 44. *Cady v. Eggleston et al.,* 11 Mass., 282.

For the reason simply that the petition does not state facts sufficient to constitute a cause of action in favor of the defendant in error, the judgment is reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.