FARMERS & MERCHANTS INSURANCE COMPANY V. O. M. MOORE.

FILED JUNE 2, 1896.   No. 6560.

1. **Parties.** Except as otherwise provided in the Code, every action must be prosecuted in the name of the real party interested.

2. **Insurance: PARTY IN INTEREST.** *Held,* That the petition fails to show that the plaintiff has such an interest in a policy of fire insurance as to entitle her to maintain an action thereon in her own name.

ERROR from the district court of Madison county. Tried below before SULLIVAN, J.

*Campbell & Wallis,* for plaintiff in error.

*Allen, Reed & Ellis, contra.*

NORVAL, J.

This was an action by O. M. Moore upon a policy of fire insurance issued by the defendant to one E. C. Warner, in the sum of $330, upon a dwelling house situate in the town of Warnerville, Madison county. The insured property having been subsequently wholly destroyed by fire, this action was commenced to recover the amount of said policy. The cause was tried before a jury and a verdict

rendered in favor of the plaintiff. The defendant prosecutes a petition in error.

At the commencement of the trial the defendant objected to the introduction of any testimony, on the ground that the petition failed to state a cause of action, which objection was overruled by the court. This ruling is assigned for error. It is insisted that the petition fails to show that the plaintiff has any interest in the contract or policy of insurance declared upon. The policy, a copy of which is set out in, and made a part of, the petition, was executed and delivered to E. C. Warner, the alleged owner of the insured premises. It contained, among other things, the following provisions: "Loss, if any, payable to M. O. Moore, mortgagee, as her interest may appear, subject, however, to all the conditions of this policy." The petition does not disclose that the policy was payable to this plaintiff, Olive M. Moore, or that it has been assigned to her, or that she was in any manner a·party to the contract of insurance. The face of the policy shows that the insurance money was to be paid to M. O. Moore. There is no averment in the petition that the initials of plaintiff's maiden name were incorrectly stated in the policy, or that plaintiff and M. O. Moore are one and the same person. The petition is, therefore, faulty in not showing that this plaintiff has the right to recover upon the policy. The Code requires that actions must be prosecuted in the name of the real party in interest. In order to maintain the suit, plaintiff's interest should have been affirmatively disclosed by proper averments in the petition. (*Hicklin v. Nebraska City Nat. Bank,* 8 Neb., 463.) We are all of the opinion that, for the defect indicated above, the petition does not state a cause of action in favor of the plaintiff, and for that reason alone, without considering the other errors assigned, the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.