Per Curiam.

The first objection relied on by the defendant arises on the face of the bond, which was conditioned for Joseph Allen’s appearance at the next county court. It is said there was no court known by that name, and the defendant has argued from this, that the bond was void. — We are all satisfied that this objection cannot prevail. It would be yielding too much to technical nicety. The words county court must intend the Court of Common Pleas; and if this was such a variance from the statute, that the bond could not be held valid under it, it would still be good at common law.
* Are, then, the facts relied on by the defendants sufficient for their discharge ? — The action was to be prosecuted with effect. It was entered and prosecuted, and after an appeal from the judgment of the Court of Common Pleas was interposed, the original creditor Hewes was satisfied; and therefore he can have no claim on the plaintiff on account of the attachment of the cattle. The plaintiff was to be saved harmless ; and the plea in bar avers that he has been so, which is confessed by the demurrer. If the cattle have not been returned, still the plaintiff should not have commenced his action, until he was in some way damnified; for until then he had no cause of action.

Plea in bar adjudged good.