## E. Lyman *versus* Joseph Loomis.

In a deed of conveyance, if the description be sufficient to ascertain the land intended to be conveyed, the land will pass, although it do not agree with some of the particulars in the description.

COVENANT BROKEN. The plaintiff alleged in his declaration, that the defendant, by deed dated May 24, 1822,

conveyed to the plaintiff "the following lots of land lying and being in Bethlehem—to wit, lot No. 33, in the 11th range, and lot No. 27, in the 14th range, containing one hundred acres each, being the same land deeded to James Chamberlain, junior, by Stephen Lane, February, 1801," and covenanted with the plaintiff that he, the said Joseph, was the lawful possessor of the said lots, and that he had lawful authority to dispose of the said lots, when in fact he was not the lawful owner, and had no authority to dispose of said lots.

The defendant pleaded that he was the lawful possessor of the said lots, and had lawful authority to dispose of the same, and concluded to the country, and the plaintiff joined the issue.

The cause was tried here at May term, 1830, and a verdict taken for the plaintiff, by consent, subject to the opinion of the court upon the following case.

At the time when the defendant made the deed mentioned in the declaration he was not the possessor, nor had he any authority to dispose of any such lots in Bethlehem as those described in his said deed. But he had lawful authority to convey lot No. 33, in the 11th range, and lot No. 27, in the 14th range, in a gore of land adjoining Bethlehem.

And the said lots in the said gore were conveyed by Stephen Lane to James Chamberlain, by a deed dated the 20th February, 1801. And in the deed given by the defendant to the plaintiff, as aforesaid, the premises conveyed are described as follows:—"the following tracts of land lying and being in Bethlehem, in the county, &c, to wit, lot No. 33, in the 11th range, and No. 27, in the 14th range, containing one hundred acres each, more or less, it being the same land deeded to James Chamberlain, by Stephen Lane, February 20, 1801, reference to be had to said deed for a more particular description.

*Barnard*, for the plaintiff.

*Young*, for the defendant.

*By the Court.* This is a very plain case. The rule is, that if the description be sufficient to ascertain the land intended to be conveyed, the land will pass, although it does not agree with some of the particulars in the description. 4 Mass. Rep. 205 ; 6 Cowen, 717.

In the deed of the defendant there is enough to show, that the lots intended to be conveyed were lots in the gore, because there is a direct reference to Lane's deed for a more particular description, and the lots described in Lane's deed are in the gore. The circumstance, that the lots are described as in Bethlehem, must be rejected as false or mistaken. The verdict must be set aside, and *A new trial granted.*