## CHADWICK *vs.* BADGER and a.

A sheriff, upon executing a writ of replevin returnable at the court of common pleas, to be holden at Gilford, in the county of Strafford, on the third Tuesday of August next; took a bond, the condition of which described the action of replevin as one " to be heard and tried before William M. Richardson, Esq., at Gilford, in our said county of Strafford, on the third Tuesday of August next." Wm. M. Richardson was at the time chief justice of the superior

court of judicature, and *ex officio* chief justice of the common pleas—*Held,* that the action was sufficiently described in the condition, and the bond good.

A nonsuit is a final judgment, within the condition of a replevin bond.

A non-payment of the costs, upon a nonsuit, is a breach of the condition.

Chadwick
*vs.*
Badger & a.

DEBT, upon bond to the plaintiff, as sheriff of the county, dated January 31, 1833, with a condition, " that whereas the said Benjamin Badger had commenced an action of replevin against Daniel R. Carter, for six cases of shoes, containing six hundred pairs of sale shoes, belonging to Benjamin Badger, said to be distrained or impounded by the said Daniel R. Carter, as in said writ is set forth, which action is to be heard and tried before Wm. M. Richardson, Esq., at Gilford, in our said county of Strafford, on the third Tuesday of August next. Now if the said Benjamin Badger shall prosecute his said action of replevin to final judgment, and pay all such costs and damages as the said D. R. Carter shall recover against him, and also keep harmless and indemnify the above named sheriff, and his deputies, for and concerning the replevying and delivery of said cases of shoes, then this obligation to be void."

An action of replevin was commenced by Badger, against Carter, on the 31st day of January, 1833, returnable to the court of common pleas, to be holden at Gilford, in and for said county, on the third Tuesday of August, then next, and was entered and continued in said court till January term, 1835, when Badger became nonsuit. Judgment was entered that the defendant in replevin should recover his costs of suit, amounting to $12.09, for which an execution issued 27th June, 1835, which has been returned in no part satisfied. No other action of replevin was ever commenced by Badger against Carter.

The defendants pleaded that said supposed writing obligatory was not their deed, and gave notice that they should contend—

1. That no such action of replevin was ever brought, as

is mentioned in said bond, and the condition of said bond was therefore impossible to be performed.

2. That said shoes were the property of said Badger, and that it was illegal for the sheriff to require and take this, which is not a replevin bond, from said Badger, as the condition upon which he would deliver him his property.

3. That the defendants had performed the condition of said bond.

4. That no judgment was entered in said action of replevin, but the same was discontinued.

It was agreed that the court should, upon these facts, direct a verdict to be entered according to their opinion.

*I. Bartlett*, and *N. Eastman*, for the plaintiff, cited 5 *Mass.* 314, *Morse* vs. *Hodsdon;* 8 *Mass.* 147, *Arnold* vs. *Allen; ditto* 153, *Clap* vs. *Guild;* 11 *Mass.* 282, *Cady* vs. *Eggleston;* 2 *Mass.* 518, *Lindsay* vs. *Blood; ditto* 541, *Sevey* vs. *Blacklin;* 6 *N. H. R.* 88, *Horn* vs. *Whitcher.*

*James Bell*, for the defendants.

PARKER, C. J.   The bond in this case is not void because the action is described as returnable before Wm. M. Richardson.   There is, besides, sufficient matter in the condition to show what court was intended.   It recites that the action was to be tried at Gilford, in said county of Strafford, on the third Tuesday of August next, which was the time and place of the sitting of the common pleas, and Wm. M. Richardson was then chief justice of the court.   It is like the case of a deed, where there are several particulars descriptive of the premises; if the description is sufficient to ascertain the land to be conveyed, it will pass, although it do not agree with some of the particulars in the description. 5 *N. H. Rep.* 408, *Lyman* vs. *Loomis;* 1 *Shepley* 111, *Wing* vs. *Burgess.*   No one can doubt what court was intended; and the words, " before Wm. M. Richardson, Esq.," might

be rejected, and the court would then be sufficiently described. The plaintiff in replevin of course knew upon what suit the officer replevied the goods.

If the officer, to whom a writ of replevin is directed and delivered, take from the plaintiff a bond, not conformed to the requisitions of the statute, which is voluntarily executed by the plaintiff, he shall not avoid it on that account. 5 *Mass.* 314, *Morse* vs. *Hodsdon.*

The condition of a replevin bond was to prosecute the action at the *county court*, next to be holden at, &c., otherwise rightly describing the next term of the common pleas. It was argued that there was no court of that name, and the bond void. But the court said—" We are all satisfied that this objection cannot prevail. It would be yielding too much to technical nicety. The words, county court, must intend the court of common pleas : and if this was such a variance from the statute, that the bond could not be held valid under it, it would still be good at common law." 8 *Mass.* 147, *Arnold* vs. *Allen.* So a bond for a larger sum than the writ directed was held good. *Ditto* 153. *Vide, also,* 3 *Mass. R.* 303, *Flagg* vs. *Tyler ;* 14 *Mass. R.* 313, *Chandler* vs. *Smith.*

The bond in this case is otherwise like that held to be good in 5 *N. H. R.* 362, *Whittemore* vs. *Jones ; Gilbert on Replevin* 67, 8. It contains no stipulation for the return of the goods, and in this respect it is correct under our statutes. 7 *N. H. R.* 178, *Bell* vs. *Bartlett.*

The nonsuit was a judgment, upon which the defendant in replevin might, at common law, have had a return. *Gilbert on Replevin,* 169, 70 ; 1 *Saund. Rep.* 195, *a, note.* And of course by our practice he might have had his damages assessed. On principle, therefore, it is a prosecution of the suit to final judgment, within the meaning of the condition.

There seems to have been some difference of opinion as to the true construction of a clause in the condition of a bond binding the obligor to prosecute a suit with effect ; but that

is not material in this case.  1 *Pick.* 286, *Badlam* vs. *Tuck-er* ; 11 *Pick.* 143, *Hobart* vs. *Hilliard ; Carthew* 519, *Ormond* vs. *Bierly ; Cas. Temp. Hard.* 137, *Vaughan* vs. *Norris,* cited *Bac. Abr., Replevin D ; Com. Dig., Replevin D ;* 5 *Barn. & Cres.* 284, *Perreau* vs. *Bevan.*

If the plaintiff in replevin be nonsuited for want of a plea in bar, the avowant may sue the sureties on the bond, and need not execute a writ of enquiry for his damages.  Serjeant Prime said, " The avowant in this case has two methods of proceeding in his election, viz., either to execute a writ of enquiry, or to sue upon the replevin bond, the plaintiff not having prosecuted his suit with effect ;" and of this opinion were the court.  2 *Wils. Rep.* 42, *Waterman* vs. *Yea, & Lyde* vs. *Lawrence.*  A nonsuit was of course, considered, in that case, as a final judgment, although it was not regarded as prosecuting with effect.

The condition of the bond in this case is broken by the non-payment of the costs, and the plaintiff is, therefore, entitled to judgment.