# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

MORGAN &c. *v.* HALE, *et al.*

Decided April 27, 1878.

A sheriff having tax tickets in his hands against the land of S. who lives on the property of Scott, and H. representing the owner of the S. lands, gives to the sheriff an indemnifying bond in the usual form, with Smith and Lewis sureties, and the sheriff then sells the property of Scott to pay the said taxes. Scott, in the name of the sheriff, institutes a suit on said bond to recover the value of the property sold, from the obligors in said bond; the defendants demur to the declaration, in which the plaintiff joins. HELD:

I. The bond is not good as a statutory bond.

II. Nor is it good at common law, being against public policy.

III. Where a suit is in the name of one person for the benefit of another, if there be a judgment for the defendant's costs. it shall be against such other.

*Supersedeas* to a judgment, rendered by the circuit court of Kanawha county, on the 11th day of December, 1874, in an action in debt, in which Philip W. Morgan, sheriff, for the use of Hezekiah Scott, was plaintiff, and J. P. Hale, Isaac N. Smith and Charles C. Lewis were defendants, granted on the petition of said defendants.

Hon. Joseph Smith, Judge of the seventh judicial circuit rendered the judgment complained of.

JOHNSON,' JUDGE, furnishes the following statement of the case:

Philip W. Morgan, sheriff of Kanawha county, filed his declaration in debt at May rules, 1872, in the circuit court of Kanawha county, for the use of Hezekiah Scott against J. P. Hale, Isaac N. Smith, and Charles C. Lewis. The declaration was founded on an indemnifying bond, taken in the usual form by the sheriff of said county from the defendants, and is also in the usual form. The bond is as follows:

"*Know all men by these presents*, That we, John P. Hale, responsible person for owners of 'the Steele land in Kanawha county, and I. N. Smith and C. C. Lewis, his security, are held and firmly bound unto Philip W. Morgan, sheriff of Kanawha county, State of West Virginia, in the just and full sum of $500.00, to the payment whereof well and truly to be made to the said Philip Morgan, sheriff as aforesaid, his executors, administrators or assigns, we bind ourselves, our heirs, executors and administrators, jointly, severally and firmly by these presents. Sealed with our seals, and dated this 1st day of January, 1872.

" The condition of the above obligation is such, that whereas Philip W. Morgan, sheriff, hath by virtue of his office of sheriff of Kanawha county, obtained certain tax bills against the owners of the Steele lands, which for the year 1871 amount to the sum of $250.00; and whereas, by virtue of the said tax bills, the said sheriff hath levied the same on the following property, to-wit: one raft of square timber (one thousand five hundred feet, more or less), and one lot of saw logs, (about fifty), found in the possession of Hezekiah Scott, at the mouth of Mill creek, in said county, and a doubt arising whether the said property is liable to levy and sale for said taxes or not, the said sheriff hath required of the said owners of the Steele lands bond with good security, to indemnify him, the said sheriff, pursuant to the act of the General Assembly in that case made and provided. Now

if the above bound John P. Hale, responsible person, &c., and I. N. Smith and C. C. Lewis, his security, shall indemnify the said Philip W. Morgan, sheriff as aforesaid, against all damages which he may sustain in consequence of the seizure or sale of the property on which the said taxes have been levied, and shall moreover pay and satisfy to any person or persons claiming title to the said property, all damages which such person or persons may sustain in consequence of said seizure or sale, and shall also warrant and defend to the purchaser or purchasers of said property, such interest and estate therein, as shall be sold under the said taxes, then the above obligation to be void, otherwise to remain in full force and virtue.

1878
Special Term.

Morgan, &c.,
v.
Hale <i>et al.</i>

"J. P. Hale.     [Seal].

"*Responsible for the owner of the Steele lands, in Kanawha county.*

"Isaac N. Smith. [Seal].
" Chas. C. Lewis. [Seal]."

The defendants appeared and demurred to the declaration, which was overruled by the court, and the defendants pleaded and issue was joined, and the case tried by a jury on the 3d day of June, 1874, and a verdict had for the plaintiff for $235.41. A motion was made for a new trial, which motion the court took time to consider; and at the next term of said court, overruled said motion and entered judgment for the plaintiff, for the amount of the verdict, with interest from the date of the said verdict, and costs.

To said judgment the defendant obtained a *supersedeas*.

*William A. Quarrier* and *D. A. Ruffner,* for plaintiffs in error.

*J. W. Wingfield* and *T. B. Swann,* for defendant in error, relied on the following authorities:

Code W. Va. ch. 107, §§4 and 6; Cooley on Tax. 302; 8 Mass. 147–9; 21 Wend. 605; 1 Wash. 367.; 12

Leigh 383; *Id.* 684: Brig. Dig. 104–5; 11 W. Va. 250; 3 McLane 303; Gilp. 155; 1 Ch. Pl., Am. ed. 310; Brig. Dig. 109; 15 Mass. 286; 13 Mass. 394, 404; 12 Pick. 554; 10 Pick. 223; 1 Call 116; 6 Rand. 182; 1 Rob. Pr. (old) 355; Code W. Va. ch. 134; 6 How. 38; 1 Ch. Pl. 411 and notes; Code W. Va., ch. 131, p. 816.

JOHNSON, JUDGE, delivered the opinion of the Court:

The first question to be considered is, should the demurrer to the declaration have been overruled? And this raises the question, was the bond declared upon good as a statutory bond; and if not was it a good common law bond? Was there at the date of such bond any statute in our State authorizing such a bond to be taken?

The only statutory authority under which it is claimed such a bond could be taken by the sheriff, is chapter 107 of the Code; section 4 of said chapter, relied on as such authority by counsel for defendant in error, is as follows: "If any officer levy or is required to levy an execution or a warrant of distress on property and a doubt shall arise whether the said property is liable to such levy, he may give to the plaintiff, his agent or attorney-at-law notice that an indemnifying bond is required in the case. Bond may thereupon be given by any person with good security, payable to the officer, in a penalty equal to double the value of the property, conditioned to indemnify him against all damages which he may sustain in consequence of the seizure or sale of the said property, and to pay to any claimant of said property, all damages which he may sustain in consequence of such seizure or sale, and also to warrant and defend to any purchaser of the property, such estate or interest therein as is sold."

Section 5 provides: "If such bond be not given within a reasonable time after such notice, the officer may refuse to levy on such property or restore it to the

person from whose possession it was taken, as the case may be. If it be given where there has been no levy, within a reasonable time, or after a levy before the property is so restored, it shall be returned within ·twenty days to the clerk's office of the circuit court of the county in which such property may be." The first clause of the sixth section provides, that : " The claimant or purchaser of such property shall after such bond is so returned be barred of any action against the officer levying thereon, provided the security therein be good at the time of taking it."

The last clause of said section provides, that : "Upon any such bond as is mentioned in this or the preceding section, suit may be prosecuted, in the name of the officer for the benefit of the claimant, creditor, purchaser or other person injured, and such damages recovered in said suit as a jury may assess. The same may be prosecuted, in the name of such officer, when he is dead, in like manner as if he were alive."

At common law, when a sheriff had an execution in his hands against A., if he under it seized or sold the property claimed by B., he did so at his peril; and if the property was in fact B's, an action for trespass against the sheriff would lie. Now the statute protects him, provided he notifies the execution creditor, that an indemnifying bond is required, and such bond is given. If, at the time a proper bond is taken, the surety therein is good, B's only remedy is a suit in the name of the sheriff on the bond. But before he can require such bond, he must " give to the *plaintiff* his agent, or attorney-at-law, notice that an indemnifying bond is required in the case," and if such bond is not given in a reasonable time, he may refuse to make the levy or restore the property if the levy has been made. Such bond is only provided for in cases where " any officer levy, or is required to levy an *execution* or a warrant of *distress* on property, and a doubt shall arise, whether the said property is liable to such levy." It seems clear to us, that

1878.
Special Term.

Morgan, &c.,
v.
Hale *et al.*

Syllabus 1

tax bills are not included in this language. If they were, and a doubt should arise as to whether the property levied upon under them, was subject to such levy, whom would the officer notify, that an indemnifying bond was required? There, certainly, in such case would be no *plaintiff* to notify. In the case at bar, according to the declaration, the party, who seemed to be representing the Steele lands, subject to the tax bills in the sheriff's hands, voluntarily executed an indemnifying bond to the sheriff. The bond is not good as a statutory bond.

Is it good at common law?

The counsel for defendant in error insists, that at common law the bond is good, and cites *Hewlett* v. *Chamberlayne*, 1 Wash. 367; *Arnold* v. *Allen*, 8 Mass. 147; *Dabney* v. *Catlett*, 12 Leigh. 383; *Greathouse* v. *Dunlap*, 3 McClean 303; *Acker* v. *Burrall*, 21 Wend. 605; and *Porter's ex'or* v. *Daniels*, 11 W. Va. 250; as authorities to sustain the bond.

The bond in *Hewlett* v. *Chamberlayne*, was a *forthcoming* bond, which was in the common form, but did not recite the amount of the debt due by the execution, it was insisted that the bond was bad, but the court without any opinion, citing *Merriweather* v. *Johnson*, affirmed the judgment of the court below rendered on the bond.

In *Merriweather* v. *Johnson*, 3 Call 454, the suit was on a *forthcoming* bond. The bond was not according to the statute. Judgment was rendered upon it for £750, and the Supreme Court of Appeals unanimously declined a writ of error to the judgment.

In *Dabney* v. *Catlett*, 12 Leigh 383, suit was founded on an *indemnifying* bond. The bond omitted the statutory requirement "that the obligors shall warrant and defend to the purchaser or purchasers of the property, such estate or interest therein as shall be sold under the execution or other process." Demurrer to the declaration was sustained in the court below. It was insisted in argument by counsel for plaintiff in error, that the bond was good as a common law bond, although the

counsel thought it not good under the statute. The court, without giving any reason for its opinion, reversed the judgment of the circuit court, and overruled the demurrer and remanded the case for an enquiry of damages, unless the defendant should plead to issue. The syllabus, after stating the case, says it was held "the bond is defective, and not good as a statutory bond, but it is good as at common law, and the sheriff may maintain an action on it for indemnity against damages recovered against him by the owner of the property seized and sold." This syllabus is wholly unauthorized by the action of the court, and is expressly repudiated by Judge Allen in *Aylett* v. *Roane*, 1 Gratt. 284, where he says "it would seem from the abstract of the reporter that it is supposed this court has decided in the case of *Dabney* v. *Catlett*, 12 Leigh 383, that a bond which does not contain this additional covenant, (the same as that omitted in *Dabney* v. *Catlett*), is not a good statutory bond for any purpose, and therefore could furnish no protection to the sheriff against the action of the claimant of the property. That was a proposition insisted on by the appellant's counsel in that case for the purpose of his argument; but no such decision was made or intended to be made by the court. That was a suit instituted by the sheriff upon a bond of indemnity similar to the one under consideration. The declaration, after setting out the condition, charged that the claimant of the property had sued the sheriff and recovered damages from him, which he was seeking to recover from the obligors. There was a general demurrer to the declaration, which was sustained by the court below. This court reversed the judgment, overruled the demurrer and remanded the case. No reasons were given, but it is apparent that whether the bond was good as a statutory or a common law bond, the demurrer should have been overruled. If good as a statutory bond, as I think it was, so far as the claimant of the property was concerned, that did not deprive the sheriff of his remedy on it. The

1878.
Special Term.

Morgan, &c.,
v.
Hale et al.

law permitting the sheriff to require a bond of indemnity, was in case of the sheriff, to relieve him of the responsibility which at common law rested on him.  *  *  *  *  *  *  The court therefore without entering into the question whether the bond was a good statutory or common law bond, because it did not arise in the case, held that the action could be maintained."

In the bond in *Aylett* v. *Roane*, there was precisely the same omission as in the case of *Dabney* v. *Catlett*, and in the latter case, the court in its opinion, came unanimously to the conclusion that as to the claimant of the property the bond was good under the statute notwithstanding the omission.  In neither of the cases did the court decide that the bond was good at common law.

The suit of *Arnold* v. *Allen*, 8 Mass. 147, was founded on a *replevin* bond.  The bond differed from the statutory requirement in binding the obligors to appear at the next county court to be holden, &c., and it was insisted that there was no court known by that name.  The court on this point said, " the first objection relied on by the defendant arises on the face of the bond, which was conditioned for Joseph Allen's appearance at the next county court.  It is said there was no court known by that name and the defendant has argued from this that the bond was void.  We are all satisfied that this objection cannot prevail.  It would be yielding too much to technical nicety.  The words county court must intend the court of common pleas, and if this was such a variance from the statute that the bond could not be held valid under it, it would still be good at common law."

In *Acker* v. *Burrall*, 21 Wend. 605, the plaintiff declared on a covenant, executed by the defendant, whereby after reciting that the plaintiff, as sheriff of the city and county of New York, had levied on certain bank bills, treasury notes and gold coins, (stating how much of each) by virtue of an execution in favor of John T.

1878.
Special Term.

Morgan, &c.,
v.
Hale *et al.*

Smith against Horace Jones, and had on request, left and permitted the same to remain in the possession of the then defendant, Burrall, he, " in consideration of the premises and of $1.00 to him in hand paid, covenanted and agreed with the plaintiff to deliver to him the said property on request, and in default thereof, to pay and satisfy to the plaintiff the amount to be levied on the said execution and all fees and poundage thereon." The plaintiff assigned as a breach the non-delivery of the property upon request. The defendant pleaded : 1st. That the goods and chattels specified in the declaration were not the property of Horace Jones ; and 2d, That at the time of the levy the defendant and Horace Jones, were co-partners, and that the goods and chattels levied upon, were at the time of such levy the property of and belonging to the said co-partnership, and that the defendant as such co-partner after the making of the covenant and before the request to deliver it to the plaintiff, applied it to the use and purposes of the co-partnership. To these pleas the plaintiff demurred. The court held the pleas bad. The court by Cowen, Judge, said :

"The covenant is valid. It comes neither within the words nor the spirit of the statute cited, that forbids only *what is illegal.* The object was like the old statute of Hen. VI. chap. 10, against securities taken for ease and favor, to make the whole void where a part was so, not to disallow securities which officers were authorized to take either by the common law or statute. * * * That the sheriff acted illegally in levying on partnership property under a *fi. fa.* against one of the partners, especially when the co-partner of the defendant in the execution consented, as in this case cannot be admitted for a moment. No want of consideration, no duress, no oppressive or improper conduct on the part of the sheriff, by which the defendant was drawn into this covenant, is pretended by either of the pleas. There must be judgment for the plaintiff, and the pleas are so obviously defective that leave to amend is denied."

In the case of *Greathouse* v. *Dunlap*, 3 McLean 304, the action was founded on the following covenant: "Whereas there is now pending in the Mason county circuit court, in the State of Kentucky, an action at common law, in which William Greathouse is plaintiff, and John B. Mahan is defendant, in which the said Mahan has been and is confined in the jail of Mason county, for want of special bail; and it is agreed by the said William Greathouse, to discharge him from custody, on condition that William Dunlap, of Brown county, in the State of Ohio, shall enter into this bond. Now, therefore, I, the said William Dunlap, do, by these presents, bind and oblige myself, my heirs, &c., that in case the said William Greathouse shall finally succeed in the said suit against the said John B. Mahan that I, the said William Dunlap, will pay the amount of the recovery so finally had in the said suit against him, the said Mahan, including all the legal costs; dated the 22d day of November, 1838. " It was insisted by the defendant that the bond was void. McLean Judge, held the bond good, and, after reviewing a number of authorities, on page 311 said: "There are many other cases which might be referred to, in which voluntary bonds, which have not preserved the requisites of the statute, have been held valid as common law instruments; and also where they have been given without any express authority of law. If the subject be one about which the parties may lawfully contract, it being neither against any law nor public policy, and a consideration has passed, courts have sustained and enforced such a contract."

In this case the bond was taken by the plaintiff, who had imprisoned the debtor, Mahan; and Dunlap, the friend of Mahan, agreed by the bond to pay whatever Greathouse should recover in the suit against Mahan, if Greathouse would release him from imprisonment. There was no duress, and there was a considertion, and no law or public policy violated, and we think the bond

1878.
Special Term.

Morgan, &c.,
v.
Hale et al.

was good. In *Moore* v. *Hodsdon*, 5 Mass. 314, the action was on a *replevin bond*. The defendants pleaded in bar, " that the said *Isaac* sued out a writ of replevin in due form of law, against the plaintiff, to replevy sundry goods, wares and merchandise, which had been attached, as set forth in the condition of the bond, which writ was directed and deliverd to a coroner to execute, who required the defendant to execute said bond; that they accordingly executed it, that the coroner returned it, together with the writ ; and that the said conditions are contrary to the directions of the writ." There was a general demurrer to the plea and joinder therein. Parsons, C. J., in delivering the opinion of the court, said : " As the defendants have neither pleaded performance of the condition, nor any excuse for not performing it, the plaintiff must have judgment, unless from the facts disclosed in the plea, or appearing on the face of the bond, it is void in law. The statute directing the form of the writ of replevin, enjoins the officer to replevy the goods, provided the plaintiff in replevin give him a bond, with the condition thereon prescribed, which bond he is to take in the name of the defendant in replevin, and return it with his writ when executed. The condition there prescribed is that the plaintiff in replevin prosecute, and also make return and pay the damages, if judgment be against him. Without a bond of this form, the officer may be sued as a trespasser for taking the goods from the defendant in replevin, if he choose to consider him in that light, because the injunction of a writ is on a condition not performed by the plaintiff in replevin, or if the plaintiff in replevin tender to the officer a sufficient bond in due form, and the officer refuses to receive it and execute the writ, he is answerable to the plaintiff in replevin in an action on the case for damages. But if the plaintiff execute an informal bond voluntarily, and to obtain possession of the goods, and the officer thereupon deliver him the goods, the defendant in replevin may if he

please, accept the bond, and pursue a remedy at law upon it against the obligors, unless the bond be void by the common law or by statute. Bonds for ease and favor are void here by our common law, which is founded on an English statute in force before the settlement of this country. But a bond for ease and favor is given to an officer having the custody of the body to obtain an indulgence not authorized by law. This therefore is no bond for ease and favor. Bonds given to an officer to indemnify him for a breach of his duty are likewise void at law. But this is not a bond within this description. Indeed we do not recognize any principle of the common law, by which the bond in this case is void at law. If it be void it must be so in consequence of the statute directing the form of the writ of replevin. True it is that the condition in this case is variant from the form there directed, but that statute does not prohibit the taking of a bond of any other form or declare a bond of any other form bad. The defendants have urged that the officer required this bond, which was more inducement to them than a bond having a condition conformed to the act. They were not obliged to give this bond and if a formal bond had been tendered to the officer, he must have executed the writ or have been answerable for all the damages sustained by the plaintiff through his neglect or refusal." The plea in bar was held insufficient.

In *Roman, &c.. v. Stratton*, 2 Bibb 199, the suit was on a *replevin* bond. The proceedings in the action of replevin were quashed, and upon a writ of error to the judgment rendered in the suit brought on the bond, the defendants assigned as error: " That there is no cause of action set forth in the declaration, because the writing on which it was founded, was void, inasmuch as the appellant had no right to the ' replevin ' in the case."

In the opinion of the court, by Logan, J., it is said : " The first objection to the appellee's right to recover, is predicated on the irregularity, and unwarranted pro-

cedure of the party who makes the objection, and which the appellee had no power to control, and was obliged to submit to. And however illegal the proceedings were, Roman thereby obtained possession of the property from the custody of the law and to the injury of the appellee. But this bond was freely, and deliberately executed, and as an indemnity to Stratton, if he, Roman, failed in the action of replevin, for such is the effect and meaning of the bond. Therefore to permit the party to avail himself of this objection, could have no better justification for so doing, than the parties own wrong. The bond, in short, was given for a valuable consideration in regard to the parties, and Roman and his securities must abide by it."

In *Stevenson* v. *Miller*, 2 Litt. 308, the suit was brought on an *injunction* bond, and it was insisted that, the injunction was void, and therefore the bond was void, but the court said, " were it conceded that this is to be treated as no injunction, it would not necessarily follow that the bond was void. The injunction was procured by the appellees, and the bond executed without the agency or consent of the obligees, and has had all the consequences of delay, that a valid injunction could have had, and may have subjected the opposite party to as great injury, which would form a consideration sufficiently valid to sustain the bond. We know of no statute, and are aware of no principle of the common law, which declares such a bond void. There is no reason then why it should not be held valid at common law." To the same effect is *Cobb, &c.* v. *Curts*, 4 Litt 236.

In *Porter's ex'ors* v. *Daniels*, 11 W. Va. 250, bonds were taken by a sheriff in whose hands there was an execution payable to the plaintiff in the execution, and taken in pursuance to the ordinance of the Virginia convention, adopted April 30, 1861, entitled " an ordinance to provide against the sacrifice of property, and to suspend proceedings in certain cases," which bonds were

1878.
Special Term.

Morgan, &c.,
v.
Hale *et al.*
conditioned that the obligors should well and truly pay
the debt, interest and costs for which the executions
issued, when the operation of said ordinance ceases.    It
was held by the whole court, that the bonds were valid
as common law bonds, even if the ordinance was null
and void.    Green, President, in that case, reviews a num-
ber of authorities, some of which we have cited, and
says, " I will not assert that all those cases which I have
cited were correctly decided, but I may safely assert,
that not one of them can justly be urged as an authority
for pronouncing the bonds sued on in these cases, as in-
valid as common  law bonds, even if we admit that the
ordinance of the Virginia Convention, under which they
were taken, was inoperative."

In *Comm.* v. *Jackson,* 1 Leigh 486, it appeared that the
hustings court of Williamsburg, without any authority
of law, appointed a collector of the public taxes for the
city, and took his bond with security for due collection,
&c., payable to the governor and his successors.    It was
held that the bond was not valid and obligatory on the
surety.    No reason was given by the Court of Appeals
for its decision.

In *Syme* v. *Griffin,* 4 H. & M. 277, the suit was found-
ed on a *prison bounds bond.*    The condition of the bond
executed to John Lacy, sheriff of New Kent county, was
" that if the above bound, John Webb, shall keep within
the prison bounds laid off by the justices of the court of
New Kent, until he shall have discharged the debt and
costs, *and save harmless the said John Lacy,* then the above
obligation to be void, otherwise to remain in full force
and virtue."    The suit was brought by Syme, assignee of
John Lacy, against Griffin, the surety of Webb.    The
defendant - demurred generally to the declaration, and
pleaded " conditions performed;" the plaintiff joined in
the demurrer, and replied generally to the plea.    The
demurrer was sustained, and judgment for defendant,
which judgment was affirmed by the district court, from
which the case went to the Court of Appeals, where Ran-

dolph appeared for appellant, and Wirt for the appellee. Judge Tucker said that "every bond taken in such manner as to induce or encourage neglect of duty in a public officer is void, I conceive, by the *common law*." The judgments of the courts below were affirmed.

In *Moore* v. *Allen & Grant*, 3 J. J. Mar. 612, the action was founded upon a *prison bounds bond*; the bond was executed to the jailor, and the condition was, "that if Hanna (the prisoner) well and truly kept and remained within the prison rules or bounds of the prison of Mercer county, being the boundaries or limits of the State of Kentucky, and should not thence depart, until discharged by due course of law, then to be void," &c. The main question was as to the validity of the bond. It was held that a bond taken by an officer as the consideration of an act, which he is not authorized to do by statute or *virtute officii*, is void as a common law bond. The bond was declared void.

In *Mitchell* v. *Vance*, *&c.*, 5 Mon. 528, the action was founded on an *indemnifying bond*, given to a constable for doing what by law he was compelled to do, the bond was held void, the court recognizing the principle imbedded in common sense, that a bond given to an officer to induce him to discharge a duty required of him by law is void.

It seems to be well settled that a bond given to an officer to induce him to violate the law is also void as against public policy. If A. should execute a bond to B. to induce him to inflict a wrong on the person or property of C. it would not be pretended for a moment that an action could be maintained by B. against A. and his sureties on such a bond; it would be an encouragement to lawlessness, and its influence would be most baneful upon society. But it seems to me that this would be much less objectionable than holding such a bond good when executed to an officer, whose duty it is to see that the public peace, and well being of society is preserved.

*1878.*
*Special Term.*

Morgan, &c.,
v.
Hale *et al.*

Morgan, the sheriff of Kanawha county, had in his hands tax tickets against the Steele lands, it was his duty to collect the taxes if he could in a lawful manner.  It was his duty to levy on any personal property of the owner of the land that he could find and make the taxes; if he could find no personal property subject to the taxes, it was his duty to have returned the land delinquent for the non-payment of the taxes; it certainly was far from his duty, in order to make the taxes to commit a trespass on the property of some one else, and sell it to make the taxes, because the party interested in having the taxes paid would indemnify and save him harmless for his illegal act.  The statute did not require him to do anything of the kind, and if such action of the sheriff could be justified, the machinery of the State for the collection of her taxes might be made an engine of oppression to her citizens.  If a sheriff could be found willing to lend himself to such schemes, anybody against whom he had taxes or the agents of any such, might induce him to levy on other peoples' property, to pay such taxes, by givng him a bond of indemnity, and compel the poor man who was thus the victim of the trespass to bring suit upon the bond, and perhaps waste the value of the property in litigation if he was able at all to appeal to the courts for protection.  In this particular case, justice might be subserved, by holding the obligors in the bond liable to Scott, the party injured; but there is a principle involved, that reaches far beyond this case in which all good citizens of the State are vitally interested.  It is not true, as insisted by counsel, of the defendant in error that, Scott, had no other remedy; the act of the sheriff as found by the jury in this case was a trespass on Scott's property, for which the sheriff and his sureties were liable.  Scott mistook his remedy, by suing upon the bond.  The bond is void, both as a statutory and common law bond.  It is in flagrant violation of the plainest public policy.  If after the levy was made, Scott himself had given a bond, to have the

property released, the case would have come within the principles of some of the cases we have cited. But we have seen no case like this in any of the books ; and no case certainly, in which the principle laid down would hold the bond in this case valid at common law. It is a hard case on Scott, as he will be compelled under the statute, section 9, of chapter 138 of the Code, to pay the costs in both courts, but this we cannot help, he mistook his remedy and he will have to abide the consequences.

The judgment of the circuit court, for the foregoing reasons, is reversed, with costs to the plaintiffs in error, against the defendant in error, Hezekiah Scott, and this Court proceeding to render such judgment as the circuit court should have rendered, the demurrer to the plaintiffs' declaration is sustained, and the suit dismissed at the costs of Hezekiah Scott, for whose use the suit was prosecuted.

The other Judges concurred.

JUDGMENT REVERSED.

1878.
Special Term.

Morgan, &c.,
v.
Hale <i>et al.</i>

Syllabus 3